WILLIAM A. STANTON et al.

v.

THE CITY OF CHICAGO.

*Filed at Ottawa November 27, 1894.*

1. PUBLIC IMPROVEMENT—*ordinance need not state improvement is within city.* An ordinance for a public improvement is not invalid because it fails to show affirmatively that the street to be improved is within the city, as it will be presumed that it is so located.

2. SAME—*sufficient statement of locality of improvement.* Failure of an ordinance for the improvement of certain streets, by name, to show that they are in the city, is not a non-compliance with the City and Village act, (art. 9, sec. 19,) requiring the ordinance to specify the locality of the improvement.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

JAMES A. PETERSON, for appellants :

The petition in the county court must set forth the locality of the proposed improvement, as well as the ordinance, and no presumptions or intendments are indulged in favor of the pleader. *Ogden* v. *Lake View*, 121 Ill. 423 ; Hurd's Stat. sec. 137, chap. 24, p. 270.

No intendments or presumptions are indulged in favor of the acts of municipalities, or intendments made in the interpretation of ordinances. *Schott* v. *People*, 89 Ill. 195 ; *Sterling* v. *Galt*, 117 id. 11; Cooley on Taxation, 332 ; Blackwell on Tax Titles, 59 ; *Kankakee* v. *Potter*, 119 Ill. 324; *Lill* v. *Chicago*, 29 id. 31; *Chicago* v. *Wright*, 32 id. 192 ; *Chicago* v. *Railway Co.* 20 id. 287; *Rex* v. *Croke*, 1 Cow. 30.

HARRY RUBENS, Corporation Counsel, for appellee :

As an original proposition, this ordinance plainly specifies the locality of the improvement. It will be taken that where the city council of the city of Chicago passes an ordinance for paving a certain street, it means a street within the city.

In *In re Yick Wo*, 68 Cal. 308, the court laid down the principle that the rules for the construction of ordinances and orders of a municipal corporation are the same as for the statutes of the legislature.

In *Whitlock* v. *West*, 26 Conn. 408, the court said : "All laws, and especially by-laws of municipal corporations, which are, for obvious reasons, more inartificially expressed than others, should receive a reasonable construction." See, also, on the same subject, Dillon on Mun. Corp. par. 318; *First Municipality* v. *Cutting*, 4 La. Ann. 337; Wilcox on Corp. par. 159 ; *Martindale* v. *Palmer*, 52 Ind. 414; *Burr* v. *Newcastle*, 49 id. 322; *Steele* v. *River Forest*, 141 Ill. 302 ; *Perry County* v. *Jefferson County*, 94 id. 215 ; *Billings* v. *Kankakee*, 67 id. 489 ; *Dougherty* v. *Purdy*, 18 id. 208 ; *Fisher* v. *Vaughan*, 10 Upper Can. Q. B. 492; *Clark* v. *Powers*, 45 Ill. 283.

In the absence of proof to the contrary, it will be presumed that whatever legislative proceedings are necessary to give validity to an act of the legislature have been complied with. *Knox* v. *Vincent*, 27 Ark. 278 ; *English* v. *Oliver*, 28 id. 320 ; *Company* v. *Davis*, 40 id. 200 ; *Coleman* v. *Dobbins*, 8 Ind. 156 ; *Miller* v. *State*, 3 Ohio St. 484; *Hunt* v. *Van Alstyne*, 25 Wend. 625.

Contemporaneous construction is often of great weight in interpreting doubtful provisions. *State* v. *Severance*, 49 Mo. 401; *Fraizer* v. *Warfield*, 13 Md. 197.

Whenever a city ordinance can be so construed and applied as to give it force and validity, this will be done by the courts. *Swift* v. *Topeka*, 43 Kan. 671.

It is not essential that it affirmatively appear upon the face of the ordinance or in the proceedings that the power attempted to be exercised is within the grant. 1 Dillon, (3d ed.) par. 317; *Methodist Church* v. *Baltimore*, 6 Gill, 391.

The court is not bound to quash a by-law unless it appears to be illegal on the face of it. Where it is attempted to be proved so by extraneous evidence, it may

be discretionary with the court, upon such evidence, to say whether the by-law shall stand or not. *Grierson* v. *Municipal Council*, 9 Upper Can. Q. B. 623.

It is not necessary to recite in a by-law all that is requisite to show the authority of the council or the regularity of their proceeding. These will be presumed until the contrary is proved. *Fisher* v. *Vaughan*, 10 Upper Can. Q. B. 492 ; *Stuyvesant* v. *Mayor*, 7 Cow. 588.

If by one construction an ordinance will be valid and by another void, the courts will, if possible, adopt the former. *Commonwealth* v. *Robinson*, 5 Cush. 438; *Vinters Co.* v. *Passey*, 1 Burr. 239 ; *Poulters Co.* v. *Phillips*, 3 Bing. (N. C.) 314; *Norris* v. *Staps*, Hobart, 211; *Tobacco Co.* v. *Woodruffe*, 7 B. & C. 838 ; *Moyr* v. *Mundy*, Sayer, 181; *Rounds* v. *Mumford*, 2 R. I. 154.

BAILEY, J.: This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied by the city of Chicago upon certain lands of the appellants for the purpose of constructing a certain sewer, and the only question presented by the record is as to the validity of the ordinance under which the assessment was made. The objections interposed to the ordinance are, first, that it fails to show that the location of the proposed improvement is within the city and within the jurisdiction of the city council; and second, that the locality of the proposed improvement is not specified, as required by section 19 of article 9 of the City and Village act. These two objections, though closely related to each other, must be considered separately, as they involve considerations in some respects dissimilar.

That part of the ordinance which attempts to give the location of the proposed improvement is as follows : "That a vitrified tile-pipe be constructed and laid along the center line of the alley west of Grand Boulevard, from and connecting with the sewer in Forty-fifth street to a point 280 feet north of the center line of Forty-fifth

street; that the internal diameter of said sewer shall be twelve inches, and the grade of the bottom of the inside thereof shall be five feet above city datum at its connection with the sewer in Forty-fifth street."

It is insisted, in the first place, that, as the ordinance fails to state affirmatively and in express terms that the *locus in quo* of the proposed improvement is within the city of Chicago, it is void, and confers no authority upon the city to make the assessment. After giving this objection careful consideration, we have reached the conclusion that it cannot be sustained. The ordinance was passed by the city council in the exercise of its statutory authority to make local improvements by special assessment, and we are of the opinion that the same intendments in favor of its validity should be indulged in which usually prevail in relation to the acts of other legislative bodies, viz., that such body has not intended to exceed, and has not in fact exceeded, its territorial jurisdiction. It is a general rule that in the interpretation of statutes it will be presumed, not only that the legislature has not intended to exceed its territorial jurisdiction, but that it has not meant to travel beyond its legislative functions generally. (Endlich on Interpretation of Statutes, sec. 171.) This is only an application of that general rule of presumptions which operates in favor of the regularity and validity of official acts. (See 19 Am. & Eng. Ency. of Law, 43, and numerous authorities cited in notes.) And it has been frequently held that the rules for the construction of ordinances of municipal corporations are the same as for statutes of the legislature. (*In re Yick Wo*, 68 Cal. 294; *Mayor, etc. of Baltimore* v. *Clunet*, 23 Md. 449; 1 Dillon on Mun. Corp. sec. 420; 17 Am. & Eng. Ency. of Law, 264.) In *Mayor, etc. of Baltimore* v. *Clunet*, above cited, it is said: "While, on the one hand, municipal corporations, having delegated to them a limited jurisdiction and being entrusted with the power of dealing with the property and rights of the citizen, ought to be

restrained within the strict limits of their authority, and when they transgress those limits it is the duty of the courts to declare their acts void in so far as they have exceeded their powers, yet, on the other hand, where the exclusive jurisdiction and power to legislate upon a given subject have been conferred by law upon such corporation, every intendment and presumption ought to be made to support their acts, and courts of justice should never pronounce them void unless their nullity and invalidity are placed beyond reasonable doubt."

Applying this rule of construction to the ordinance in question, the conclusion would seem to follow, necessarily, that the city council, in passing the ordinance, was dealing with a subject matter within its jurisdiction. There is nothing in the ordinance itself giving the slightest indication that the improvement proposed to be made was in fact outside of the corporate limits of the city, nor was any evidence having any such tendency submitted at the trial of the appellants' objections to the confirmation of the assessment. The question, then, whether the proposed improvement was in or outside of the city must depend upon the language of the ordinance, aided by the intendments which the law raises in favor of the conclusion that the city council was acting within the scope of its statutory powers. Giving due weight to these intendments, it can not be held that the ordinance is void on its face, as an attempt by the city to deal with a matter outside of its corporate limits, and so not within its jurisdiction.

If the legislation of this State prior to 1870, during the time the General Assembly had unrestricted power to pass local and private laws, is examined, it will be found that many statutes of a local character, affecting particular counties, cities, towns, school districts or other localities, were passed in which the municipal corporation or locality to be affected was named, but no language used indicating affirmatively that such corporation or

locality was within the State of Illinois. That will be found to be especially the case with many, if not most, of the numerous local statutes affecting the city of Chicago, or chartering corporations within the limits of the city. But it was never supposed that such statutes left it at all uncertain as to the locality intended, or that any presumption arose that the legislature was attempting to deal with matters outside the boundaries of the State, and therefore beyond its control. On the contrary, the intendment was always indulged in that the legislature, in passing such acts, was designing to act, and was in fact acting, upon matters within its territorial jurisdiction. But it is difficult to see why the same reasoning which is sought to be applied to the ordinance in question might not have applied with equal force to local statutes of that character. It might have been urged, with the same appropriateness, that because the statute failed to show affirmatively, by express words of description, that the city, county or other locality referred to was in this State and not in some other State, a patent ambiguity was created, which rendered the statute wholly uncertain and therefore void.

It will also be noticed that in this case the locality of the proposed improvement is specified and described with reference to an existing boulevard, street and alley. The sewer to be laid is to commence at a certain point in the street, and to run thence along the center of the alley, in a given direction, a specified number of feet. We are inclined to the opinion that this description is sufficient to show the jurisdiction of the city, even without reference to the intendments in favor of the action of the city council above discussed. Of course, as in all cases where tangible objects are described in a written instrument, extrinsic evidence is required to apply the description to the thing described, and that must be held to be certain which is capable of being rendered certain by evidence. Until it is shown that there are two or more localities to

which the description in question applies, there is no ambiguity, and if it should turn out there is more than one locality answering that description, the ambiguity would be a latent one, and extrinsic proof would be competent for the purpose of showing which was intended. It is accordingly of no avail to say that because it is not expressly stated in the ordinance that Grand Boulevard and Forty-fifth street are in the city of Chicago, it may be that a boulevard and street of those names may be found in some other city of the State. But even if that should turn out to be the case, and it is also shown that there is a Grand Boulevard and a Forty-fifth street in Chicago, a latent ambiguity would be raised which the evidence might explain. But when the presumption that the city council was acting within its appropriate jurisdiction in passing the ordinance is taken into account, no question can remain as to the sufficiency of the ordinance to give the city jurisdiction to make the improvement.

As to the other point made by the appellants, viz., that the ordinance fails to comply with the statute in specifying the locality of the improvement. Section 19 of article 9 of the City and Village act provides, that whenever a local improvement is to be made wholly or in part by special assessment the city council shall pass an ordinance to that effect, and specify, among other things, the locality of the improvement. The only defect in the description pointed out is its failure to state that the locality of the improvement is within the city, and it does not seem to be questioned that if the ordinance can be interpreted as providing for a local improvement to be constructed within the corporate limits of the city, the description is sufficient. That interpretation, as we have seen, being the only proper one to be given to the ordinance, the point thus made must be held to be wholly untenable.

The judgment of the county court will be affirmed.

*Judgment affirmed.*