MARY C. MEADOWCROFT

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa November 27, 1894.*

1. PUBLIC IMPROVEMENT—*judgment confirming special assessment can not be impeached collaterally.* A judgment confirming an assessment for a public improvement cannot be collaterally impeached by showing that the affidavit of the mailing of notices was untrue in point of fact, and that the notice stated the amount of the assessment incorrectly.

2. SAME—*failure of ordinance to locate improvement.* An ordinance for a public improvement is not invalid because it fails to show affirmatively that the street to be improved is within the city, as it will be presumed that it is so located. *Stanton* v. *Chicago, ante,* p. 23, followed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

EDWARD MAHER, and CHARLES C. GILBERT, for appellant.

WILLIAM J. DONLIN, and HARRY RUBENS, for appellee.

BAILEY, J.: This is an appeal from a judgment of the county court of Cook county, against certain lands of the appellant, for a delinquent special assessment for a street improvement. It appears that the city council of the city of Chicago passed an ordinance providing "that Homan avenue, from the south line of Colorado avenue to the north line of West Harrison street," be ordered to be curbed, graded and otherwise improved. On petition of the city to the county court, commissioners were duly appointed to assess the cost of the improvement upon the property deemed to be benefited thereby, and the commissioners thus appointed afterwards made and filed their assessment roll, and also made proof, by affidavit, of the posting and mailing of notices to the property owners whose property was assessed of the making and filing of the assessment, and of the term of court at which the final hearing thereon would be had, in manner and form as prescribed by statute. At the term of court stated in the notices thus given, the matter of the assessment roll came up for hearing before the court, and judgment confirming the same was duly entered by default. The assessment against the appellant's land remaining unpaid, and her land having been returned as delinquent, the county collector applied to the county court for judgment and an order of sale of the land for the assessment, and to that application the appellant appeared and filed various objections, which were overruled, and judgment for the sale of the land was entered.

Among the objections to judgment urged in the county court only two are now insisted upon, viz.: First, that

the ordinance fails to show affirmatively that the street ordered to be improved is within the city of Chicago; and second, ·that the notice actually mailed by the commissioners to and received by the appellant was insufficient to warrant the judgment of confirmation.

The first of these objections has been sufficiently considered in the case of *Stanton et al.* v. *City of Chicago, ante,* p. 23. We there held that, where nothing to the contrary appears, the presumption and intendment will be indulged in that the proposed improvement is located within the city.

As to the second objection, it is admitted by the objection filed that the appellant received the notice sent to her by mail, but it is alleged that the notice thus received stated the amount of the assessment to be only one-fifth its actual amount. The evidence offered to support that allegation, to which an·objection was sustained, was incompetent.

A very similar question was.before this court in *Clark* v. *People,* 146 Ill. 348. There, on application for judgment for a delinquent special assessment, the property owner sought to impeach the judgment of confirmation by showing that, in point of fact, no notice of the assessment was sent to him by mail; but it was held that such judgment could not be thus collaterally attacked, so long as the record showed on its face that proper notices were given. Here, as there, the record shows on its face that the notices required by the statute were given, and the judgment can not be collaterally impeached by showing that the affidavit of the mailing of notices was untrue in point of fact.

· We find no error in the record, and the judgment of the county court must be affirmed.

*Judgment affirmed.*