FRANK O. YOUNG

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*mistake in warrant for special assessment.* A judgment for a delinquent special assessment is not invalidated because of an evident mistake in the warrant for such assessment, where the land owner was not misled and the warrant was correctly described in the notice.

2. SAME—*ordinance need not state improvement is in village.* An ordinance purporting to be made by the president and board of trustees of a certain village, and describing the location of an improvement as in a specified street between certain other streets, sufficiently shows that the improvement is located in such village.

3. SAME—*sufficiency of notice of assessment must be raised below.* The question of the sufficiency of a notice of an assessment for a public improvement cannot be first raised on appeal.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

H. T. & L. HELM, for appellant.

GEORGE F. BORMAN, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This was an application by the county collector of Cook county for judgment against certain lots claimed by appellant, for a delinquent special assessment levied by the village of Blue Island. Appellant appeared and filed objections, which were overruled, and judgment entered according to the application.

On this appeal two grounds of reversal are urged. The first is, "the advertised list of the county treasurer would not support an application for judgment." This objection is based upon the fact that in the published list of delinquent lands and town lots the date of the warrant for the assessment in question was given as "January 26, 1894," whereas it appeared that the assessment roll was not returned to the county court until a day later than that date, and the assessment was not confirmed until February 15, 1894. The date in the published list is evidently a mistake, and one which in no way affects the validity of the judgment below. It is not pretended that appellant was in any way misled by the mistake. The warrant was correctly described in the notice as "special assessment warrant No. 30." Appellant appeared and filed objections to the assessment authorized to be col-

lected by that warrant, but raised no question as to the sufficiency of the notice. Therefore, even if there was merit in the objection now urged, which there is not, it could not be availed of in this court. Rev. Stat. sec. 191, chap. 120; *Karnes* v. *People ex rel.* 73 Ill. 274.

The second ground of reversal is, that the ordinance providing for the improvement for which the assessment was made, failed to describe the location of the same. It is not claimed, under this head, that mere defects in the ordinance could be availed of in this proceeding to defeat the collection of the assessment, but the contention is that this ordinance was absolutely void, because it failed to "specify that the said alleged improvement was located in the village of Blue Island." The enacting clause of the ordinance is : "Be it ordained by the president and board of trustees of the village of Blue Island." The first section describes the location of the improvement, (a sewer,) to "be constructed and laid in Fairmount avenue, from a point in Burr Oak avenue ten feet east of the center line of Fairmount avenue, and connecting with the sewer now built at said point; thence southwesterly   *   *   *   to a point ten feet north of the center line of Union street." On rehearing, in the case of *Stanton* v. *City of Chicago*, 154 Ill. 23, we held a similar description to that in this ordinance sufficient to show that the improvement was located in the city of Chicago, and that decision has since been followed in other cases. What was said in the case of *Stanton* v. *City of Chicago*, *supra*, is a full and complete answer to the objection that this ordinance is void because it fails to locate the improvement within the village of Blue Island.

Neither of the reasons urged for a reversal of the judgment of the county court is tenable.

*Judgment affirmed.*