## The Illinois Central Railroad Company

*v.*

## The City of Chicago.

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

| | |
|---|---|
| 169 | 329 |
| 197 | ⁴347 |
| 197 | ⁵347 |
| 169 | 329 |
| e204 | ⁴371 |
| 169 | 329 |
| 215 | ¹ 46 |

1. ORDINANCES—*rules for construing statutes control the construction of ordinances.* The rules for the construction of the ordinances of a municipality are those which are used in the construction and interpretation of statutes enacted by the legislature.

2. SAME—*ordinance for extension of street across railroad—when sufficient.* An ordinance for the extension of a public street across a railroad, which purports to have been passed by the city council, is not invalid for its failure to show affirmatively that the street is within the corporate limits, as it will be so presumed.

3. EMINENT DOMAIN—*witnesses need not be experts to testify as to value of land.* In condemnation proceedings to extend a public street across a railroad, witnesses who are acquainted with the value of land in the vicinity may testify as to the value of the land condemned; and the fact that they are not familiar with the various uses to which the railroad company may put the land, while it may affect the value of their testimony, does not render it incompetent.

4. SAME—*extension of street across railroad—measure of damages.* The measure of damages where a city seeks to extend a public street

across a railroad is the amount of the decrease in value of the use of the land for railroad purposes which will be occasioned by its use for the purposes of a public street.

5. Same—*value of right of way for the erection of structures other than tracks—when allowable.* Value of right of way for the erection of structures other than tracks cannot be allowed as damages in a condemnation proceeding to extend a public street across a railroad unless the land has actually been put to such special uses, or there is an actual immediate intention on the part of the railroad company to devote it thereto. (*Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 157 Ill. 48, followed.)

6. Same—*verdict awarding nominal damages for extension of a street across railroad, sustained.* In a condemnation proceeding to extend a public street sixty-six feet wide across a railroad right of way two hundred feet wide, occupied by eight tracks, leaving unoccupied forty feet on one side of the tracks and fifty feet on the other, a verdict awarding the railroad company nominal damages is sustained, as being authorized by the evidence.

Appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

By this proceeding the appellee sought to condemn the right of way of appellant for the extension of Seventy-first street across the same. The street sought to be opened was sixty-six feet wide and the right of way of appellant was two hundred feet wide, and at that point is occupied by eight tracks, with fifty feet on the west side and forty feet on the east side unoccupied. The contention of appellant was that the verdict was against the evidence; that the land was valuable for other purposes than laying tracks thereon, and had a special value to appellant for buildings and structures required for the use and operation of a railroad, such as station buildings, warehouses, coal sheds, coal chutes, lumber yards, coal yards, and the like. Numerous witnesses called by appellant placed the value of the land for such special purposes at prices varying from $1200 to $16,000, whilst two witnesses called for appellee placed the compensation at merely nominal prices. A verdict and judgment fixing the compensation at one dollar were entered.

Appellant insists the witnesses for appellee were incompetent to express an opinion as experts because they had no experience in the operation and management of railroads, and knew nothing about the necessities and requirements of railroad companies or the special value of land to railroads, and that it was not proper to express opinions as to damage, as that was a question for the jury. Appellant also insists the court erred in overruling a motion entered by it to dismiss the petition upon the ground that it did not appear from the petition and ordinances that the land was situated within the limits of the city of Chicago. The assignment of errors involves these three propositions.

C. V. Gwin, (James Fentress, of counsel,) for appellant:

In a condemnation proceeding to extend a street across a railroad, substantial damages are recoverable to the extent of the value of these strips of land to the railroad company in erecting thereon such structures as are specially valuable and useful in the operation of its road. The right of recovery is not limited to the market value, but to the special value. *Railroad Co.* v. *Chicago,* 156 Ill. 98.

It is the right so to beneficially use and enjoy the land not occupied by tracks, and not the intention or want 'of intention on the part of the company so to use and enjoy it, that fixes and determines the value and compensation to which the company is entitled. It is a question of adaptability and fitness for a particular use,—not a question of intention on the part of the owner to apply to the use to which it is adapted and for which it has a special value. *Railroad Co.* v. *Chicago,* 156 Ill. 98; *Railroad Co.* v. *Moore,* 124 id. 329; *Haslam* v. *Railway Co.* 64 id. 353.

Where the injury sustained in the condemnation is of an occult character, which only an expert can properly gauge, or when the knowledge of the value is special, belonging, not to business men generally, but only to

specialists, then, if opinion as to damage is to be proved, a specialist must be called to give such opinion, and ordinary observers are inadmissible for this purpose. Wharton on Evidence, (3d ed.) sec. 450.

A mere connection with railroad corporations, and knowledge of the value of land, come far short of indicating expertness on the special subjects with which the witness was permitted to deal. *Railroad Co.* v. *Root,* 53 N. J. L. 253; *Laing* v. *Canal Co.* 54 id. 576.

The exercise of the power to condemn, the power being against the common right and the proceeding summary, must be strictly according to the power. No presumption can be indulged in its favor. *Railway Co.* v. *Galt,* 133 Ill. 657; *Hercules Iron Works* v. *Railway Co.* 141 id. 491.

John D. Adair, and T. J. Holmes, (Lorin C. Collins, Jr., and William Meade Fletcher, of counsel,) for appellee:

In a condemnation proceeding to extend a street across a railroad, evidence of adaptability of the right of way for the erection of structures, or for any other purpose than that for which it is used, is purely speculative and imaginary, and should not be considered. *Railway Co.* v. *Town of Cicero,* 157 Ill. 48; *Railway Co.* v. *Chicago,* 140 id. 314; *Railway Co.* v. *Chicago,* 149 id. 457; *Railway Co.* v. *Railway Co.* 105 id. 110; *South Park Comrs.* v. *Dunlevy,* 91 id. 49.

Where the evidence shows damage, but furnishes no basis for ascertaining the amount, a verdict for a nominal sum will be sustained. *Railway Co.* v. *Town of Cicero,* 157 Ill. 56; *Railway Co.* v. *Railway Co.* 105 id. 110; *Railway Co.* v. *Chicago,* 140 id. 325.

It is not the rule that on questions of the value of property no witnesses can be examined but those engaged in buying and selling the species of property under investigation, but on the contrary, any person knowing the property and its value may testify, the weight to be given to his testimony being left to the jury. *White* v.

*Herman*, 51 Ill. 243; *Johnson* v. *Railway Co.* 111 id. 413; *East St. Louis* v. *O'Flynn*, 19 Ill. App. 64.

Mr. Chief Justice Phillips delivered the opinion of the court:

The ordinance attached to the petition in this case on its face purports to be enacted by the city council of the city of Chicago. A general presumption operates in favor of the regularity and validity of official acts, and in the interpretation of statutes it will be presumed, not only that the legislature has not intended to exceed its territorial jurisdiction, but that it has not intended to go beyond its legislative power functions. (Endlich on Int. of Stat. sec. 171.) The rules for the construction of ordinances of municipal corporations are the same as for statutes enacted by the legislature. (*Stanton* v. *City of Chicago*, 154 Ill. 23; 17 Am. & Eng. Ency. of Law, 264; *In re Yick*, 68 Cal. 294; *Mayor of Baltimore* v. *Clenet*, 23 Md. 449.) Under such construction the resulting conclusion would be that the city council was dealing with a matter within its jurisdiction, and it was not error to overrule the motion to dismiss the petition upon the ground that it did not appear from the ordinance that the land was situated within the city limits. *Meadowcroft* v. *People ex rel.* 154 Ill. 416; *Stanton* v. *City of Chicago, supra; Philadelphia and Reading Coal Co.* v. *City of Chicago*, 158 Ill. 9.

The witnesses for appellee were cognizant of the value of lands and lots in the vicinity where the street was proposed to be opened, and the rule adopted in this State is, that witnesses will be permitted to state their opinions as to the amount of damage or benefit that may result to property by reason of works constructed under the power of eminent domain. In *Spear* v. *Drainage Comrs.* 113 Ill. 632, it is said (p. 634): "It is also objected that the court erred in permitting witnesses to give their opinions as to how much the land of plaintiff in error would be benefited by the proposed drainage, without its being first shown they

had some special knowledge or training on that subject, and the cases of *Evansville Railroad Co.* v. *Fitzpatrick*, 10 Ind. 120, and *Yost* v. *Convoy*, 92 id. 464, cited by the plaintiff in error, seem to support the position. The reasoning of the court in those cases seems to be, that to admit such testimony 'would put the witnesses in the places of the jurors and commit them to the amount of recovery.' If this reasoning is to be extended it would certainly lead to the exclusion of this kind of testimony in many cases where the right to introduce it has never been questioned. It is a matter of every-day experience to introduce testimony of this kind in condemnation cases, and other cases where the question is how much an adjacent piece of land has been injured by some improvement, such as the excavation of a ditch, the throwing up of an embankment, and the like, and the right to do so is fully recognized by this court. (*Green* v. *City of Chicago*, 97 Ill. 370.) Indeed, the right to introduce in evidence the opinions of non-professional witnesses about the ordinary affairs of life is admissible in all cases where, from the nature of the question involved, its answer necessarily depends upon mere opinion or judgment. This is particularly so in respect to questions of value. It is only in cases where 'a previous habit or study' is essential to the formation of the opinion sought to be put in evidence that all but experts are excluded. It is the constant practice to permit non-professional witnesses to give their opinions upon matters relating to time, distance, weight, values, etc. * * * It may be conceded if the question had simply been whether the system of drainage indicated by the plan and specifications of the work would be successful or not the opinions of these witnesses would not have been competent; but that was not the question upon which their opinions were received in evidence."

In *Galena and Southern Wisconsin Railroad Co.* v. *Haslam*, 73 Ill. 494, it was said (p. 497): "Witnesses were allowed to give their opinions as to the damages sustained by

the several claimants by reason of the construction of the railroad, notwithstanding the objection of appellant. This practice is warranted by the rule stated in *Ottawa Gas Light and Coke Co.* v. *Graham,* 35 Ill. 346." In the case last referred to it is said (p. 349): "It is again urged that the court erred in permitting witnesses to give their opinions as to the amount of damages which was sustained. It is usual and the law permits witnesses to give their opinions as to the value of property and a variety of other matters. Such is also the case of whether mechanical skill has been exercised in the construction of work, as to the cultivation of agricultural crops, as to care and diligence in the management of stock, as well as a large variety of matters about which disputes arise. In such cases the opposite party has always the right, by cross-examination, to test the value of the opinion by ascertaining the grounds upon which it is based. Nor are the jury bound by such opinions if contrary to the evidence. It is only one of the modes of arriving at the true measure of the damages, and is only valuable as it is sustained by the evidence, the means of knowledge of the witness, and his general intelligence and fairness."

The contention of the appellant that the question put to the witnesses called for their opinions upon the question to be decided and found by the jury, and therefore was objectionable, is not well founded. Neither were the witnesses for appellee incompetent. Whenever the question of compensation or damage is dependent on value, if a witness is possessed of knowledge of values of land in the vicinage he is competent to testify. It may be that he is not acquainted with speculative values or possible uses to which the land may be put; yet that does not render him incompetent to testify and give his opinion of the values of land, and the benefit or damage by reason of the proposed taking under eminent domain. Because other witnesses may express the idea that it would be valuable for purposes for which he might not regard it

as valuable, could not destroy his competency, and because a witness may not have experience in operating a railroad and know the various uses to which lands may be put in its legitimate operation, still the want of that knowledge would not destroy the competency of a witness who was acquainted with the value of lands in the vicinity nor prevent his being called as a witness. It would be a startling rule to announce that only men operating a railroad or having experience in that line would be competent witnesses to determine the value of lands in condemnation proceedings under the eminent domain statutes. If such a rule did exist, the experience of every trial judge would convince him that in condemning land to build a railroad, and in condemning the right of way across the same for a street, such evidence would show more amazing fluctuations in damage and value than the difference between the witnesses in this case. The want of such knowledge may go to the value of testimony, but not to its competency. *Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163; Rogers on Expert Testimony, (2d ed.) sec. 153; *Crouse* v. *Holman,* 19 Ind. 38.

The objections to the competency of appellee's witnesses are not well taken.

The remaining question, whether the verdict is against the evidence, remains to be considered. By condemning the land for the purpose of extending a street across the right of way the city did not seek to obstruct the tracks already laid nor prevent the railroad company from laying other tracks along this right of way. The use of the way for tracks was a public use and the use of the way for a street crossing was also a public use, and each use might be exercised without being an obstruction to the use for that public purpose by the other. The use is a joint use, and a different rule for the ascertainment of a just compensation must be applied from that which obtains in the condemnation of individual property. In the latter case the individual is absolutely deprived of the

use of his property, and the market value of the property taken is the just compensation to be awarded. In the former there is no deprivation for a public use by the railroad company. That public use shall continue by it. As was said in *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 140 Ill. 309 (on p. 314): "So far as the taking of the strips was concerned, the measure of the compensation would be the amount of decrease in the value of the use for railroad purposes which should be caused by the use for the purposes of a street, such use for the purposes of a street being subject to the use of the companies for railroad purposes." And in that case a judgment for nominal damages was affirmed. To the same effect is *Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 157 Ill. 48. The market value of the land was therefore not involved and would not be the measure of damage.

It is insisted, however, that the land not occupied by the tracks was suitable for a special railroad use and of great value for that purpose; that it was of special value for coal yards, coal chutes, warehouse purposes, etc. It is not contended that at the time of the proposed condemnation it was put to any such use. The extent of appellant's contention is, that it was valuable for such use. When the right of way of a railroad is put to such special use, or it is in immediate contemplation to put it to such use, its value for the special use to which it is thus put or contemplated to be put is the measure of compensation. But where it is not put to such use its value for such purposes is purely imaginary and speculative, and so remote that its value for that purpose would depend solely upon whether it would ever be necessary for the benefit of the corporation to use it for that purpose. Possible or imaginary uses, or a probable future use dependent on circumstances, are not elements to be taken into consideration in determining the compensation to be awarded. (Pierce on Railroads, 217; Lewis on Eminent Domain, 480; *Jones* v. *Chicago and Iowa Railroad Co.* 68 Ill. 380; *Peoria and*

*Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 id. 110; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago,* 149 id. 457; *Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 157 id. 48; *Sherwood* v. *St. Paul and Chicago Railroad Co.* 21 Minn. 127; *Pinkham* v. *Chelmsford,* 109 Mass. 225; *Fairbanks* v. *Fitchburg,* 110 id. 224.) The utmost compensation to be allowed a land owner must be estimated by reference to the uses for which the property is suitable, having regard to its present condition and the existing business and wants of the community, or such as may be reasonably expected in the immediate future, as the basis for determining its market value. (*Boom Co.* v. *Patterson,* 98 U. S. 403.) The present, and not the probable future, use of the land, or the intention of the owner as to such use, is the test of market value to be shown by the evidence. *Sherwood* v. *St. Paul and Chicago Railroad Co. supra; Pinkham* v. *Chelmsford, supra; Fairbanks* v. *Fitchburg, supra.*

It is urged that a different rule is announced in *Illinois Central Railroad Co.* v. *City of Chicago,* 156 Ill. 98. In that case evidence of the same character as here introduced by appellant was offered and excluded, and in discussing the admissibility of that evidence it was held it was error to exclude it. It was in that connection that the cases of *Rigney* v. *City of Chicago,* 102 Ill. 64, *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 100 id. 21, *St. Louis, Jerseyville and Springfield Railroad Co.* v. *Kirby,* 104 id. 345, *Chicago and Evanston Railroad Co.* v. *Jacobs,* 110 id. 414, *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 id. 413, *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 id. 97, *Calumet River Railway Co.* v. *Moore,* 124 id. 329, and *Haslam* v. *Galena and Southern Wisconsin Railroad Co.* 64 id. 353, were cited and commented on. In each of those cases there was a present use and value, to be measured by its then condition or capacity, which was the basis on which it was held in those cases the measure of compensation should be de-

termined, and in all except that in 100 Ill. 21, there was an absolute taking and deprivation of property, and not a joint use left in the owner. It is difficult, on principle, to see and determine how damage is to result except by a loss in money value—usually the difference in market value. In this case the right of way, as such, is devoted to a special use and has no market value. It presents a different question from that discussed in the case of *Illinois Central Railroad Co.* v. *City of Chicago, supra.* Here is only a deprivation of a possible future use that may or may not be required, but is dependent on future circumstances. It is true that in the case last cited the opinion held it was error to refuse to hold a proposition of law as follows: "That where it appears from the evidence that the use of said land or right of way, or any part thereof, for the purposes of the street will wholly exclude said company from the erection and use thereon of such houses, structures and improvements, other than railroad tracks, which said company might now or might at any time hereafter desire to erect and use for the purposes of its railroad business, then the court will also assess as damages such sum as shall equal the value of such land to said company for the erection and use of such structures." This proposition provides for compensation,—not for a present value, but a possible future use,—and on more careful examination we are satisfied the measure of compensation as stated in that proposition was too broad. A cognate question was before this court in *Chicago and Northwestern Railway Co.* v. *Town of Cicero, supra,* which was later than *Illinois Central Railroad Co.* v. *City of Chicago,* and the rule held in *Chicago and Northwestern Railway Co.* v. *Town of Cicero* is followed in this opinion.

The rule for determining compensation being as is herein stated, from an examination of the whole record we hold the evidence authorized this verdict. The judgment of the Superior Court of Cook county is affirmed.

*Judgment affirmed.*