THE CITY OF KANKAKEE, Appellee, *vs.* THE ILLINOIS CEN-
TRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1914.*

1. SPECIAL TAXATION—*when a new affidavit is not required on
amendment of assessment roll.* Where the commissioner amends
an assessment roll pursuant to the order and direction of the
county court no new affidavit to the assessment roll is required.

2. SAME—*when benefits to railroad property are limited to re-
stricted use.* ·Where railroad property is restricted to a particular
use and cannot be legally applied to any other use, and is, in fact,
devoted to the particular use at the time of the making of a local
improvement, the measure of benefits which .the improvement will
confer is the increased value of the property for the particular use.

3. SAME—*increase in business of railroad cannot be considered
in assessing benefits.* In assessing benefits to a railroad right of
way from the construction of a local improvement, probable in-
crease in freight traffic and in the general business of the company
cannot be considered.

4. SAME—*opinions as to benefits must be based upon proper ele-
ments.* Opinions of witnesses as to benefits to property from a
local improvement are admissible but they must result from a con-
sideration of lawful elements, and their testimony should be ex-
cluded, on motion, where it appears to be based upon a consider-
ation of improper elements.

5. SAME—*when the increased value for erecting coal sheds and
structures cannot be considered.* The increased value of a rail-
road right of way in connection with the use of a coal shed erected
thereon, or for the erection of other coal sheds and similar struc-
tures, cannot be considered, where the evidence shows that plans
have been definitely decided upon and the work started and well
carried forward which will require the use of the entire portion
of such right of way for additional tracks.

APPEAL from the County Court of Kankakee county;
the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, for appellant.

J. H. MERRILL, City Attorney, and JOHN H. BECKERS,
for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county confirming a special tax levied to pay the cost of paving a portion of East avenue and River street, in the city of Kankakee. The property of appellant, the Illinois Central Railroad Company, which was taxed abuts on East avenue. The essential facts relative to the proposed improvement are sufficiently set out in *City of Kankakee* v. *Illinois Central Railroad Co.* 258 Ill. 368, which was a former appeal in this same proceeding, and will not be re-stated here.

When the cause had been re-docketed pursuant to .the remanding order of this court, upon motion of the petitioner the commissioner who had spread the tax was ordered and directed to amend the assessment roll by excluding that portion of the right of way lying south of the north line of River street by including that portion of the right of way lying within the lines of Hickory street, by showing the frontage of appellant's property to be 1122 feet instead of 1252 feet, and by showing the total amount of tax assessed for the whole improvement to be $14,292.85 and the total tax assessed against appellant's right of way to be $6092.46. The jury returned a verdict finding that the right of way of appellant was not assessed more than it would be specially benefited by the construction of the proposed improvement. Upon this verdict judgment was rendered confirming the tax.

It is first contended that the court erred in admitting the amended assessment roll in evidence. The basis of this contention is that a new affidavit was not made after the assessment roll was amended by the commissioner, the only affidavit attached being the one made to the original assessment roll. The amendment to the assessment roll was made by order and direction of the county court after it had been held by this court that the property south of the north line of River street was improperly included in the

roll. The exclusion of this property was pursuant to the holding of this court and the inclusion of other abutting property was by order of the county court. When a commissioner amends an assessment roll pursuant to the order and direction of the county court in which the proceedings are pending no new affidavit is required. Whether the county court erred in ordering the inclusion of that portion of appellant's right of way lying within the lines of Hickory street could not be raised upon objection to the introduction of the amended assessment roll at the hearing upon the question of benefits and is not presented upon this appeal. The assessment roll was properly admitted.

The main tracks of appellant's railroad, consisting of a north-bound and a south-bound track, extend through the center of its right of way between Hickory street and River street. At Hickory street the tracks are elevated above the natural surface of the ground two and one-half feet. There is a uniform slope of the ground from Hickory street south to the river. At River street the tracks are elevated sixteen feet above the surface of the street, that street passing beneath the tracks. There is therefore a continuous grade throughout the entire length of the right of way between Hickory and River streets, ranging in height from two and one-half feet at Hickory street gradually and uniformly to sixteen feet at River street. This grade or embankment completely separates the east side of the right of way from the west side, and there are no means of traveling from one side to the other of this portion of the right of way except by going around and crossing at either Hickory or River street. East of the main tracks at Hickory street are two switch tracks which join the main tracks 300 or 400 feet south of Hickory street. On the east side of the right of way at River street is a pumping plant operated by the appellant.

Six witnesses testified on behalf of appellant that its right of way would receive no benefits whatever from the

proposed improvement. Of these witnesses two were residents of the city of Kankakee and engaged in the real estate business, two were civil engineers in appellant's employ, one was the superintendent of the Illinois division of appellant's lines, and one was a valuation engineer for the Rock Island lines. According to the testimony of appellant's witnesses the two switch tracks on the east side of the right of way south of Hickory street are used for storage purposes, only, and not as team tracks, there being no means provided for ingress and egress to and from the adjacent streets. A number of residents of Kankakee testified that the property of appellant would be benefited to the amount assessed against it. On cross-examination various of these witnesses gave as the basis for their opinion that appellant's right of way would be benefited that the improvement would facilitate the drainage of the right of way; that it would increase the value of the right of way by facilitating the use of the switch tracks south of Hickory street as team tracks; that it would be a benefit to the west side of the right of way by reason of the coal office and coal sheds located thereon; that it would result in an increase of the freight traffic and general business of appellant; that it would increase the value of the property for such purposes as erecting thereon coal sheds, factories, dwelling houses and other buildings. In pointing out the benefits which would accrue to the right of way from the proposed improvement each of these witnesses apparently regarded the property as available for any use to which private property might be put.

It is undoubtedly true that if the right of way was in need of drainage and the proposed improvement would result in properly and efficiently draining it, that would be a proper element to consider in determining the benefits. It is undisputed that the right of way between the base of the embankment and the street line is from one to two feet lower than the grade of East avenue, thus forming a de-

pression between the street and the embankment. The only drain provided for in the proposed improvement is a tile to be placed five feet from the east curb line of the street and two feet beneath the pavement. It is obvious that this tile would not drain appellant's right of way, and the other conditions are such that it is impossible to conceive how the improvement would result in draining any portion of the right of way.

The only evidence upon which an opinion could be based that the two switch tracks south of Hickory street were designed for and used as team tracks and would be benefited as such, was that on three or four occasions when a freight car had been set out on one of these sidings temporarily, the consignee of goods contained in the car became impatient, drove onto the right of way and unloaded the goods from the car. No facilities were afforded for passing from any adjacent street onto the right of way to reach these tracks, and such passage was not permitted. It was also shown that on one occasion, at least, appellant unloaded some telephone or telegraph poles from one of these tracks upon its right of way. Considering the testimony on behalf of appellant that these tracks were designed for and used as storage tracks and that it was not contemplated that they should be used as team tracks and that their use as such had never been sanctioned, together with the testimony upon which the opinions of the witnesses for appellee were evidently based on this point, this was not a proper element of benefits to be considered.

The coal office and coal sheds located on the west half of this strip are cut off from the east half by the embankment supporting the railroad tracks. There are no means of communication between the west half and the east half of the right of way between Hickory and River streets. The west half of the right of way abuts on West avenue, which is a paved street. Persons doing business with the coal office located on the west half of the right of way

could only reach it by crossing the right of way at some of the street crossings and driving there over West avenue. This improvement could be of no benefit whatever to the west half of the right of way. While it is proper to tax the whole right of way and not divide it for the purpose of assessment where either side abuts a street which it is proposed to improve, the property cannot be taxed in excess of the benefits it will receive, and it is apparent no part of the right of way except that east of the embankment could possibly be benefited by the proposed improvement.

The increase in freight traffic and the general business of appellant cannot be considered in assessing benefits to its right of way. *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398; *City of Kankakee* v. *Illinois Central Railroad Co.* 263 id. 589.

Appellant is restricted by grant to the use of its right of way for railroad purposes, only. Where property so sought to be taxed is restricted to a particular use and can not be legally applied to any other use, and is at the time of the assessment for a local improvement devoted to such use, the true measure of benefits which the improvement will confer is the increased value for the restricted use. (*City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.) Appellant could not legally erect factories, dwelling houses and like structures upon its right of way, and thus subject its real estate to the same uses as private individuals might devote real estate owned by them.

Motions were made at the conclusion of the testimony of each of appellee's witnesses to exclude from the jury the opinion expressed by the witness as to the amount of benefits, which were based, in part, upon grounds which were not legitimate. In each instance the motion was denied. In this action the court erred, because, while opinions are admissible in this class of cases, they must result from a consideration of lawful elements. *City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589.

. Appellant's division superintendent testified that appellant was now engaged in constructing two additional tracks from Chicago to Otto, a station five miles south of Kankakee, where there is a line of road diverging from appellant's main line; that it now has four tracks constructed as far south as Matteson; that two or three miles of the additional tracks have been built near Kankakee and that some tracks have been built within the city, all of which are constructed to become a part of the new four-track system; that the completion of this system will be the first construction work done by appellant; that the present abutments of the bridge across the Kankakee river, immediately south of River street, are constructed to carry an addition to the bridge to accommodate two additional tracks on the east of the present double-tracks; that when constructed over the strip in question the two additional tracks will be placed on the east side of the right of way, and, together with the necessary embankment to carry them, will occupy almost, if not quite, all of the right of way east of the present embankment between Hickory and River streets. He further testified that the completion of this work was simply a question of time and money; that it might be completed during the next year, but would be done within less than three years. We held in *Illinois Central Railroad Co. v. City of Chicago,* 169 Ill. 329, where it was sought to condemn a right of way for a street across a railroad right of way, that the value of the railroad right of way for the erection of structures other than tracks could not be allowed as damages in a condemnation proceeding to extend a public street across the right of way, unless the land has actually been put to such special uses or there is an actual immediate intention on the part of the railroad company to devote it to such special uses. The same rule applies in ascertaining the benefits to a railroad right of way by the construction of a local improvement. Here it was shown that appellant has an actual immediate intention to occupy the whole of

the east half of its right of way between Hickory and River streets with its main tracks, and, in fact, has already completed a considerable portion of the line of tracks of which this will constitute a part. This will preclude the use of this land for coal sheds or such other structures as appellant might properly erect and lease to other parties. In arriving at the benefits, if any, to be derived by the construction of the proposed improvement, appellant's right of way should be regarded as devoted to the use to which it is proposed immediately to put it.

For the reasons indicated the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*