THE CITY OF HIGHWOOD, Appellee, *vs.* THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD COMPANY *et al.* Appellants.

Opinion filed June 24, 1915.

1. SPECIAL ASSESSMENTS—*provision of an ordinance with reference to grade construed.* Where a paving ordinance provides that "the grade of the center line of the finished pavement between the points herein specified shall be a straight line connecting said points," the points specified can only be such as are on the center line and not those on the sides of the street.

2. SAME—*fact that the ordinance refers to "city datum" and to "datum" is not ground for objection.* Where a city datum has been referred to in a paving ordinance, it will not be presumed that the word "datum," used in another clause or sentence of the ordinance, refers to a different datum.

3. SAME—*it is sufficient for a paving ordinance to refer to city datum.* It is sufficient for a paving ordinance, in establishing the grade, to refer to city datum without referring in express terms to the ordinance establishing such datum, and the latter ordinance, passed many years before the paving ordinance, is admissible in evidence.

4. SAME—*an ordinance should be construed, if reasonably possible, so as to sustain it.* An ordinance for a local improvement should be construed with reference to all of its parts, and, if reasonably possible, should be given a construction which will sustain it rather than one which will defeat it.

5. SAME—*when an ordinance need not give width of excepted portion of lot.* An assessment against a certain described lot, except a strip off the westerly side for a railway, is not invalid because the width of the strip is not specified, as a railway is a fixed and visible monument, and an inspection of the premises would show what portion of the lot was excepted from the assessment.

6. SAME—*when proof that railroad property is capable of use for residence and business purposes is proper.* In estimating the benefits from a paving improvement to lots owned by a railroad company, if there are no restrictions in the grant to the company as to the use of the lots it is competent to show that the portions of the lots not occupied by the railroad tracks or stations, or otherwise used for railroad purposes, are capable of use for residence or business purposes, and to include the enhanced value for such purposes in the assessment of benefits.

7. SAME—*objection that apportionment of cost of an improvement is inequitable cannot be considered.* An objection that the apportionment of the cost of an improvement between the city and the property owners is inequitable cannot be considered by a court of review, as section 47 of the Local Improvement act makes the county court's determination of that question conclusive.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

BULL & JOHNSON, and CHARLES H. KING, for appellants.

O. S. GOOCH, City Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the Chicago and Milwaukee Electric Railroad Company and its receiver, from a judgment confirming a special assessment for the paving of Waukegan avenue, in the city of Highwood, between the east corporate limits of the city and the north line of Washington avenue.

It is argued that the ordinance does not contain a sufficient description of the improvement because it does not determine the grade by reference to any definite datum. The ordinance provided that the finished grade of the center line of the pavement should be as follows: At the intersection of the center line of Waukegan avenue with the north line of Washington avenue 89.7 feet above datum; at a point in the center line of Waukegan avenue 72 feet south of the north line of Washington avenue 88.9 feet above city datum; at forty-five points south of the latter point, measuring south on the center line of Waukegan avenue, consecutively, 50 feet apart, each a stated number of feet above city datum; and at the intersection of the center line of Waukegan avenue with the east corporate line of the city 91.8 feet above city datum. It was further provided that the grade of the center line of the finished pavement at the intersection of the center line of Washington avenue with the west line of Waukegan avenue should be 89.9 feet above datum; at the intersection of the center line of Clay avenue with the east line of Waukegan avenue 86.2 feet above datum; at the intersection of the center line of Webster avenue with the east line of Waukegan avenue 89.4 feet above datum; at the intersection of the center line of Walker avenue with the east line of Waukegan avenue 90.3 feet above datum; at the intersection of the center line of Highwood avenue with the east line of Waukegan avenue 93 feet above datum; at the intersection of the center line of Highwood avenue with the west line of Waukegan avenue 93 feet above datum. The description of the grade concludes with the statement that "the grade of the center line of the finished pavement between the points herein specified shall be a straight line connecting said points." Assuming the existence of a city datum, the forty-eight points on the center line of Waukegan avenue, and straight lines connecting them, definitely fixed the grades of the center line of the improvement.

The four points on the east side of Waukegan avenue and two points on the west side in the center of intersecting streets fix the grades in the center of those streets and not of Waukegan avenue, and the "straight lines connecting said points" do not refer to the points on the sides of the streets. When the ordinance declares "the grade of the center line of the finished pavement between the points herein specified shall be a straight line connecting said points," the points specified can only be such as are on the center line. In some cases the grade is given with reference to "city datum," in others with reference to "datum," only. The language of the ordinance must be given a reasonable construction, and it will not be presumed, where a city datum has been referred to, that the word "datum" used in another clause or sentence refers to a different datum. An ordinance which established a city datum and was passed many years before the paving ordinance in question was introduced in evidence, and though the paving ordinance did not refer to the ordinance in express terms it referred to the city datum, and this was sufficient.

Drainage tile was required to be laid on each side of Waukegan avenue the whole length of the improvement, and it was provided that all the tile south of Highwood avenue should be connected to and discharged into drain tiles already laid in Waukegan avenue at the southerly end of the proposed improvement. It was further provided as follows: "All of the aforesaid pipe laid on the easterly side of Waukegan avenue north of Highwood avenue shall be connected to and discharged into a 24-inch storm-water outlet now laid in the northerly gutter line of Clay avenue. All of the aforesaid pipe laid on the westerly side of Waukegan avenue shall be connected to and discharged into a 10-inch outlet sewer hereinafter described." The ordinance subsequently provides for the construction of this outlet sewer from a point in Clay avenue across that avenue to a connection with the 24-inch sewer previously mentioned, in

the northerly gutter line of Clay avenue. It is contended that the ordinance therefore provides for two outflows for the pipe on the west side of Waukegan avenue south of Highwood avenue,—one in the existing pipe at the south terminus of the improvement, and the other in the 10-inch outlet sewer to be constructed in Clay avenue. The ordinance provides that the grade at the top of all tile and pipe shall be 36 inches below the finished grade of the center line of the pavement. The grades of the pavement at Clay avenue, at Highwood avenue, at the south terminus of the improvement and at intermediate points show that the grade falls both ways from Highwood avenue, and the natural flow of the water would be north to Clay avenue and south to the corporate limits of the city. All parts of the ordinance are to be construed together, and the whole ordinance must be given a construction, if reasonably possible, which will support it rather than defeat it. It is provided, first, that drainage tile shall be laid on each side of the pavement throughout its entire length, and then that all the aforesaid tile or pipe south of Highwood avenue shall have its outlet at the south end of the pavement, all the aforesaid pipe on the easterly side of Waukegan avenue north of Highwood avenue shall have its outlet in the 24-inch sewer in Clay avenue, and all the aforesaid pipe on the westerly side of Waukegan avenue shall have its outlet in the 10-inch sewer to be constructed in Clay avenue. Clay avenue is north of Highwood avenue, and in view of all the provisions of the ordinance it is apparent that the expression, "all of the aforesaid pipe on the westerly side of Waukegan avenue," immediately following the sentence in regard to "the aforesaid pipe laid on the easterly side of Waukegan avenue north of Highwood avenue," refers only to pipe on the westerly side of Waukegan avenue north of Highwood avenue.

The total amount of the assessment was $18,679, of which $3387.36 was assessed against the city for public

benefits. One objection made was that the apportionment of the cost between the city and the objectors was inequitable, and it is argued that the city's share of the entire cost should have been $4487. This objection we cannot consider, for section 47 of the Local Improvement act provides that the determination of the court as to the correctness of the distribution of the cost of the improvement between the public and the property to be assessed shall be conclusive and not subject to review on appeal or writ of error.

It is objected that the description of appellants' property to be assessed is imperfect, indefinite and insufficient. It is assessed as lot 68, part of lot 67 north of Highwood avenue except a strip off westerly side for railway, and lot 66 except a strip off westerly side for railway, all in the city of Highwood. No width of the excepted strip is given, and it is contended that it is therefore impossible to determine the extent of the property assessed. A railway is a fixed, visible monument, and an inspection of the premises would show the portion occupied by the railway and the extent of the portion proposed to be assessed. It is not necessary to specify in feet and inches the width of the strip occupied by the railway, but its boundary may be determined by the physical monuments and condition of the surrounding territory. *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 Ill. 11.

Lots 66, 67 and 68 are situated on the west side of Waukegan avenue at the crossing of Highwood avenue and on both sides of the latter. They are crossed by the appellants' double-track railway, and on lot 66 is a frame passenger station 12 by 24 feet, with a covered platform. Depot grounds have been made into a park, in which shrubbery is planted, but they are not conducted for park purposes. Between the railroad tracks and Waukegan avenue is a strip of ground of varying width, lot 66 having a depth of 148 feet on the north end and lot 68 running to a point

on the south.   Evidence was introduced tending to show that this strip of ground was available and valuable for residential and business purposes.   Complaint is made of the admission of such evidence, and of the examination of witnesses and instructions of the court which permitted the availability and value of the ground for such purposes to be taken into consideration in determining the extent to which the improvement would enhance the value of the premises.   Where real estate sought to be assessed for a local improvement is devoted to a particular use, to which it is restricted by statute or grant and can legally be applied to no other use, the measure of benefits derived from the improvement is the increased value of the property for the restricted use.   (*City of Lincoln* v. *Chicago and Alton Railroad Co. supra; City of Kankakee* v. *Illinois Central Railroad Co.* 264 Ill. 69.)   Where real estate, though its use is restricted by grant to railroad purposes, is actually devoted to ordinary business purposes, the assessment of benefits may take into consideration the enhanced value of the property for any purpose by reason of the construction of the improvement.   (*City of Lincoln* v. *Chicago and Alton Railroad Co. supra.*)   The record does not show any restriction of the use of the premises in the grant to the railroad company and it does not show their use for any other than railroad purposes.   It was competent to show that the portion of the premises not occupied by the railroad tracks or station or otherwise used for railroad purposes was capable of use for residence or business purposes and to include the enhanced value for such purposes in the assessment of benefits.   The court did not err in the admission of evidence for this purpose or the instructions to the jury on this question.

The judgment of the county court is affirmed.

*Judgment affirmed.*