Benjamin Shurtleff

*v.*

The City of Chicago.

*Opinion filed June 19, 1901.*

1. Eminent domain—*when value of land donated cannot be set off against assessment for opening street.* Section 17 of the Local Improvement act of 1897, providing that where part of the land to be laid out into a street has been donated by any person the value thereof may be set off against the benefits assessed against his property, does not apply to land previously donated for a part of the street several blocks from the portion of the street sought to be opened.

2. Same—*what does not preclude assessment for opening street.* The fact that a property owner would have no right to recover damages from the city for the vacating of a street after it has been opened does not preclude the assessing of benefits against his property for opening such street.

3. Same—*provision of section 26 of Improvement act of 1897 considered.* The provision of section 26 of the Local Improvement act of 1897 that "no final judgment shall be entered as to any of the property embraced in said roll until all the issues in the case have been disposed of," relates to the final determination of the condemnation and assessment, after all the issues between the different parties shall be settled under the other provisions of the act.

Appeal from the County Court of Cook county; the Hon. Russell P. Goodwin, Judge, presiding.

D. G. Robertson, and Cyrus Heren, for appellant.

Charles M. Walker, Corporation Counsel, Robert Redfield, and William M. Pindell, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The city of Chicago, appellee, instituted this proceeding in the county court of Cook county to lay out and open Oakdale avenue from Burling street to North Clark street, in said city. Commissioners were appointed to ascertain and report the just compensation to be paid to the owners of private property to be taken or damaged for the street, and also what real estate would be benefited by the improvement and the amount of such benefits, and they made their report of such compensation and gave a description of property which, in their judgment, would be specially benefited by the improvement, with the amount of benefit to each lot, tract or parcel of land. Benjamin Shurtleff, appellant, being the owner of lots assessed for such benefits, appeared and filed objections, among which were the following: That the improvement was a private and local one, of no general public benefit, and that he had before that time donated for said Oakdale avenue a strip of land of the value of $15,000, largely in excess of said assessment, and the commissioners failed to appraise the value of the land so donated or to apply such value as a set-off against the benefits assessed. There was a hearing of said objections before the court and they were overruled. Thereafter the case came on for hearing on the question of benefits before a jury, which returned a verdict against appellant. The court rendered judgment on the verdict, and this appeal followed.

Appellant's property is located west of that portion of Oakdale avenue to be opened, and there are intervening streets, so that it is not dependent upon said portion for ingress or egress. There are streets running north and south on both sides of said property and intersecting east and west streets, so that appellant has full access from his property to the general system of streets in the

city without opening the proposed avenue.  The plan to
lay out and open Oakdale avenue from Burling street
to North Clark street by this proceeding was originated
in 1899, and appellant proved on the hearing before the
court that in 1891 he dedicated a strip of land between
Sheffield avenue and Mildred avenue for an extension of
Oakdale avenue between said streets; that the value of
the land dedicated was from $5000 to $8000, and that the
land so dedicated was accepted by the city and forms
that portion of Oakdale avenue between said Sheffield
avenue and Mildred avenue.  The land so dedicated was
several blocks west of the place where it was proposed
to open the avenue and constituted another part of such
avenue.  On the trial before the jury the same fact of the
previous dedication for a part of the avenue in another
place was proved, and appellant asked the court to in-
struct the jury that in making up their verdict they should
ascertain what land had been so donated by appellant for
the street, and appraise the value thereof and apply it
as a set-off against the benefits assessed against his prop-
erty.   The court refused to so instruct.

Appellant claims a right to a credit for the value of
the property donated by him eight years before, against
the amount of his assessment, under section 17 of the act
of 1897, concerning local improvements, which governs
the proceeding.   That section provides that where part
of the land to be laid out into the street has been donated
by any person, it shall be lawful for the commissioners,
in making the assessment, to appraise the value of the
land so donated, and apply such value as a set-off to the
benefits assessed against the person making the dona-
tion.   The facts do not bring appellant's claim within
the terms of the statute, which is intended to allow what
a party gives toward a contemplated improvement in the
way of land to be taken and used in opening a street, as
against benefits to his remaining property.   The statute
only embraces land to be laid out into the street for the

opening of which benefits are assessed, and it is not contended that any part of appellant's property was to be laid out into the proposed street. His dedication was made in 1891, for reasons or upon considerations which were satisfactory to him at the time and for another part of the street several blocks away, and such dedication of property lying elsewhere is not covered by the statute.

Appellant's property does not abut upon the proposed street and the ingress and egress to and from the property will not be affected by opening it, and the next proposition argued is, that under such circumstances benefits cannot be assessed. Appellant's counsel say that if Oakdale avenue were open at the place in question and should be closed by the city appellant could recover no damages for the injury to his property, because the damage would be general and not special, differing in degree but not in kind from the damage to the general public, and that special benefits must be determined upon the same basis. They insist that if appellant could not recover damages for vacating the street after it shall be opened, his property cannot be chargeable with benefits resulting from such opening. The argument ignores the essential distinction between the taking of private property for public use and the imposition of a burden under the power of taxation. It is true that the owner of property cannot recover damages for the vacation of a public street not adjoining or contiguous to such property and where the vacation does not deprive the owner of access to or egress from the property, because such vacation is not a taking or damaging of his private property for the public use. The power of taxation is a power to enforce contribution from persons and property for the maintenance of the government. General taxes are levied on the ground of general public benefits, while special assessment is a peculiar species of taxation to pay for local improvements, which recognizes the general public interest and benefit but rests

upon the supposition that a portion of such public are specially benefited in the increase of value to their property. The principle upon which special assessments rest is, that while the benefit does not differ in kind from the benefit to the rest of the community, it differs in the fact that the particular property assessed is enhanced in value by the improvement to the amount of the assessment. A local improvement may specially benefit a portion of the community so as to justify an assessment equal to such increase in value. The act of 1897 contemplates that an improvement may be a general and public benefit as well as a special benefit to particular property, and by section 15 the commissioners are required to estimate and report what proportion of the improvement will be a benefit to the public and to apportion the benefits between the municipality and the property assessed. The commissioners and the jury found that appellant's property was benefited to the amount of the assessment, and such an assessment is not unlawful.

Lastly, it is objected that the court ought not to have proceeded to final judgment between appellant and the city before the objections filed by other persons were disposed of. Appellant could not appeal from the verdict of the jury, and the statute provides for the judgment from which he could appeal so that the validity of the assessment can be finally determined. The city is allowed sixty days after the appeal is disposed of to enter final judgment or abandon the proceeding. The provision of section 26 that no final judgment shall be entered until all the issues in the case have been disposed of relates to the final determination of the condemnation and assessment, after all the issues between the different parties shall be settled under the other provisions of the act.

The judgment is affirmed.          *Judgment affirmed.*