MICHAEL ESPERT

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 18, 1903.*

1. EMINENT DOMAIN—*section 17 of Local Improvement act of 1897 construed.* Under section 17 of the Local Improvement act of 1897 it is the duty of commissioners in assessing damages and benefits for opening or widening a street, a part of which has been previously donated to the public by the proprietor of adjoining land, to take such donation into consideration, and in their report allow or disallow the value of the land donated, as an offset to benefits.

2. SAME—*when land donated should be taken into consideration in assessing benefits.* If the grantor of the proprietor of land had previously donated a portion thereof for a street, the value of the land so donated should be appraised and applied as an offset to the benefits assessed against land abutting upon the strip donated, in a subsequent condemnation proceeding to widen the street at the place where such donation was made. (*Shurtleff* v. *Chicago*, 190 Ill. 473, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is a condemnation proceeding brought by the city of Chicago to widen Forty-ninth street, from Calumet avenue to Grand boulevard, in the city of Chicago. The widening of this street was declared a local improvement, and the property adjacent to it, and alleged to be benefited by it, was taxed to pay for the land taken and for the cost of the proceeding. Michael Espert, appellant, is the owner of lands abutting Forty-ninth street, having frontage on both Calumet avenue and Grand boulevard, which is assessed as being specially benefited by the proposed widening of the aforesaid Forty-ninth street. Grand boulevard runs due north and south, in what is known as the south side, in said city. Calumet avenue is parallel to and about three hundred feet west of said Grand boulevard. Forty-ninth street runs due

east and west across both Calumet avenue and Grand
boulevard. At the intersection of Grand boulevard and
Forty-ninth street, on the west side thereof, Forty-ninth
street is but thirty-three feet in width, and continues so,
running west, one hundred and thirty-five feet. At that
point Forty-ninth street widens to sixty-six feet and con-
tinues so to its terminus. Appellant is the owner of lots
1, 2 and 3, and also of lots 19 and 29, both inclusive,—
lot 1, fronting on Grand boulevard, being just south of
the proposed improvement.

The commissioners appointed to ascertain the value
of the land sought to be taken, which consisted of a strip
fronting on Grand boulevard thirty-three feet in width
by one hundred and thirty-five feet in depth, appraised
the same at $325 per front foot, making a total valuation
for said strip of $10,725. They assessed, *inter alia,* the
lot owned by appellant, known as lot 1, at $750. Their
report further shows that the general public will be ben-
efited no dollars, and said report is silent as to any set-
off or reduction due to any owner, nor is there reference
in said report to any donation or dedication of any part
of Forty-ninth street. At the trial of said cause appel-
lant moved the court to examine and revise said commis-
sioners' report, and offered to show that his grantors in
1869 dedicated the south thirty-three feet of Forty-ninth
street, between Calumet avenue and Grand boulevard,
for street purposes, and that appellant then owned land
abutting said Forty-ninth street at the point of said pro-
posed improvement, which had been assessed as being
specially benefited, and that said commissioners had not
taken into consideration said dedication of the south
thirty-three feet of Forty-ninth street in fixing said as-
sessment. But the court refused to consider said motion
and refused to in any manner change or modify said
report.

Said cause proceeded to trial before a jury, and ap-
pellant then offered to show that his grantors dedicated

the south thirty-three feet of Forty-ninth street, parallel with the proposed improvement, for street purposes, and that the commissioners had not taken this fact into consideration in fixing the benefits which would accrue to the abutting property owned by appellant, and also offered to show the value of said south thirty-three feet of Forty-ninth street, for the purpose of reducing the amount assessed against the several lots owned by appellant. He also offered in evidence a duly authenticated plat of said dedication, but the court, upon objection of counsel for petitioner, refused to admit any of said testimony in evidence.    Appellant also offered, and asked the court to read and give, the following instruction to the jury:

"The court instructs the jury that if they believe, from the evidence, that the grantors of Michael Espert caused to be surveyed, platted and dedicated to the public thirty-three feet of the highway 'known as Forty-ninth street, at the junction of Grand boulevard and running west to the west line of the east half of the north half of the north half of the south-east quarter of the northwest quarter of section 10, etc., and in assessing the said Michael Espert's land the assessors did not take into consideration the value of the land so dedicated, then you are instructed that you may take into consideration the value of the land so dedicated in fixing the amount of benefit that may accrue to the several lots owned by Michael Espert; and you are further instructed, if you find, from the evidence, that the value of the land dedicated (if it was so dedicated) exceeds in value the benefits to the land or lots not so given to the public, then no assessment should be placed on or against the said land or lots of the said Michael Espert."

But the court refused to give said instruction. Proper exceptions were made to the several rulings of the court. The jury returned a verdict (so far as appellant's land was concerned) in accordance with the commissioners'

report, and judgment was entered upon said verdict. Thereupon appellant prayed an appeal to this court to reverse said judgment.

MANCHA BRUGGEMEYER, for appellant.

CHARLES M. WALKER, EDGAR B. TOLMAN, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The only question presented in this case is whether appellant was entitled to have the fact taken into consideration that his mediate grantor, while the owner of the lands of appellant that were assessed for the expense of the condemnation proceeding for widening Forty-ninth street, when he platted and laid out the tract in question, dedicated or donated the half of the street lying adjacent to appellant's property,—that is, whether, under the facts, he was entitled to the benefit of the provision of the second clause of section 17 of the Local Improvement act of June 14, 1897. (Hurd's Stat. 1899, chap. 24, par. 523.) That section reads as follows: "In the assessment of damages and benefits for the opening of any street or alley it shall be lawful for such commissioners, in making such assessment, where part of the land to be laid out into such street or alley has been theretofore donated by any person or persons for such street or alley, to appraise the value of the land so donated, and to apply the value thereof, so far as the amount so appraised shall go, as an offset to the benefits assessed against the person or persons making such donation, or parties claiming under them, but nothing herein contained shall authorize any person or persons by whom such donation is made to claim from the city, village or town, the amount of such appraisement, except as an offset, as herein provided; and where the assessment is only for the widening of any street which

may have been theretofore donated, either in whole or in part, to the public by the proprietors of the adjoining land, it shall also be lawful for said commissioners, in their discretion, to make such allowance therefor in their assessment of benefits as shall seem to them equitable and just; but in either such case they shall state in their report the amount of such allowance, and the same shall be subject to review, as the court shall direct." Appellee contends that appellant is not so entitled, and says: "In order for the property owner to receive credit for lands theretofore dedicated for street purposes, it must be shown that such dedication was made in contemplation of the proposed improvement, and it must be part of the land laid out into such street or alley. The provision of the statute in this regard is not mandatory,"— citing *Shurtleff* v. *City of Chicago,* 190 Ill. 473.

It will be observed by a reading of the section of the statute above, that the last provision of the act is, "but in either such case they shall state in their report the amount of such allowance, and the same shall be subject to review, as the court shall direct." We think this clause in the statute requires that the commission making the assessment shall, where the conditions exist pointed out by the statute,—that is, the dedication or donation by the proprietor of a part of the street,—take that fact into consideration, and by the report of the assessment show what was done with reference to making any allowance therefor, otherwise the provision that it should be subject to review would be meaningless. In the case at bar the report of the assessment is silent upon the question, and from it it cannot be ascertained whether or not the commissioners making the assessment had any knowledge of the dedication of a part of the street by the former proprietor, and if they did, whether they exercised any discretion in the matter. · Such being the state of the assessment roll, appellant moved the court who appointed commissioners to make the assessment,

to re-refer the matter to the commission and to require it to take some action touching it. This motion was denied, and appellant then proceeded with the trial and offered to prove the dedication by the proprietor, his grantor, by the plat and other competent evidence. The court refused to allow this evidence to be heard. We do not think the *Shurtleff case,* above cited, does or was intended to cover the principle arising in this case. The case at bar was for widening the street at the very point where the dedication had been made. The *Shurtleff case* was under the first clause of the section for opening the street, and the portion of the street that was opened was some four or five blocks away from the portion of the street that was dedicated, and, as we read the opinion, we think it was applicable only to that case and the cases of that class. In the *Shurtleff case* the commissioners did exercise their discretion and refused to make any allowance, and on their report coming in the hearing was had before the court, at which the property owner was allowed to prove the dedication and the facts material to the maintenance of his rights, and the court approved the report of the commission, and the case was brought to this court,—which was an entirely reverse state of the case to the one at bar.

Prior to 1897 no such provision as section 17, *supra,* existed in our statute, and therefore no dedication of a part of the street could have been made, in contemplation of the widening of the street, by adding to the part dedicated, and with the expectation that the allowance would be made when such widening took place, in fixing the amount of the assessment of the dedicating proprietor or his grantees, and to hold that such must be the construction of this statute would be to deprive all persons of the benefit of it who had made dedications or donations of parts of streets prior to the enactment of the law. Nor is the statute restrictive in its terms, but from its language seems to be of general application,

and to be for the benefit alike of those who dedicated or donated either before or after its passage.

Particular stress is laid by the appellee upon a single expression used in the opinion in the *Shurtleff case, supra, id. est:* "The facts do not bring appellant's claim within the terms of the statute, which is intended to allow what a party gives towards a contemplated improvement in the way of land to be taken and used in opening a street as against benefits to his remaining property." And the argument is, that the donor must have had in mind the improvement that was to follow, and that he expected to have the benefit of a credit upon his assessment. As we have said, to so hold would deprive all persons who had, prior to 1897, dedicated their lands for such streets or parts of streets, of the benefit of the act. The immediate language following the above quotation shows that such was not the holding of the court, for we further said: "The statute only embraces land to be laid out into the street for the opening of which benefits are assessed, and it is not contended that any part of appellant's property was to be laid out into the proposed street. His dedication was made in 1891 for reasons or upon considerations which were satisfactory to him at the time and for another part of the street several blocks away, and such dedication of property lying elsewhere is not covered by the statute." And what was meant to be said there, and what the opinion does hold, as we read it, is, that in that case the property claimed for was too remote from the proposed improvement. In the case at bar appellant's grantor owned a certain five-acre tract, which he laid out in a block and a half, divided into lots, and designated certain streets. Appellant became the owner of lots 1, 2, 3, 19 and 29 in that plot. Lot 1 lies parallel with and longitudinally to that part of Forty-ninth street which was dedicated and which is improved by widening by the proceeding at bar. Lots 2 and 3 lie, in their order, abutting lot 1. Lot 19 also lies along

Forty-ninth street, but across Calumet avenue, from the point where the dedication had been made, and lot 29 lies in the same block but several lots away from Forty-ninth street. They were all assessed for benefits,—lot 1 at $750.

Under this state of facts we hold that appellant was entitled to have the question of this dedication taken into consideration in fixing the amount that he was to be assessed for the improvement. While the statute says that the commissioners may, in their discretion, make such allowance, it also says that that discretion shall be subject to review by the courts, and therefore cannot mean that this exercise shall be an unreasoning or unreasonable one, or a total failure to even consider the matter.

We think the superior court should have sent the commission back, upon appellant's motion, to have considered the matter of his right to allowance, and amended its report in that regard, and if the report was adverse to appellant, should upon the final hearing have allowed testimony to have been heard in the court upon the question of the review of the action of the commission upon such allowance. We also take the view that this property was sufficiently adjacent to the proposed improvement, as it was a part of the tract from which the original dedication was made and was so proximate to it, as to have been taken into consideration upon the question of allowance.

For the errors indicated the judgment is reversed and the cause remanded for such other and further proceeding as to law and justice shall appertain.

*Reversed and remanded.*