(No. 11500.—Reversed and remanded.)

THE CITY OF CHICAGO, Appellee, vs. THE CHICAGO RAIL-
WAYS COMPANY, Appellant.

*Opinion filed February 20, 1918.*

1. SPECIAL ASSESSMENTS—*an ordinance requiring a street rail-way company to make street improvements in consideration of a franchise is a binding contract.* An ordinance requiring a street railway company to make certain street improvements in consideration of the right to operate street railways in the city becomes a binding contract when accepted by the railway company, and the city cannot impose any further obligation upon the company concerning the improvements specified in the ordinance.

2. SAME—*cost of widening a street bears no relation to surface improvements required of a street railway company.* The cost of widening a street is not included in the terms of a contract between the city and a street railway company whereby the company is required to make certain surface improvements on the streets where it operates its railways, and upon application to confirm a special assessment against the company's lots for the widening of a street an objection based on the existence of such contract can not be maintained.

3. SAME—*what determines whether property is assessed more than its proportionate share of the cost of improvement.* The question whether property is assessed more than its proportionate share of the cost of a local improvement is to be determined by the proportion the particular assessment bears to the assessment on all other property benefited by the improvement and not by comparison with other particular property.

4. SAME—*when property of street railway company cannot be assessed on theory that it could be put to another use.* Property of a street railway company which is used as a terminal for the location of its car barns cannot be assessed for the widening of the street in front of the property on the theory that such improvement would benefit the property in case it should be sold or put to another use, where the present use as a terminal is permanent, and where the company, under its charter, cannot use the property for any other purpose than one connected with its business.

5. SAME—*when property cannot be said to be benefited.* Where property of a street railway company is assessed $3501 in the assessment roll and the sum of $2200 is put down in the roll as an offset against said assessment on the ground of land previously

dedicated, it is error to sustain any assessment against the property where the only witnesses for the city put their estimates of benefits at $1307 and $1500, respectively, being less than the amount of the offset.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

CHARLES M. HAFT, (W. W. GURLEY, of counsel,) for appellant.

HARRY F. ATWOOD, ARTHUR E. WALLACE, and GEORGE P. FOSTER, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city council of the city of Chicago on April 8, 1915, passed an ordinance providing for the widening of North avenue from North Cicero avenue to North Lamon avenue by condemning a strip of land seventeen feet wide from the property on the north side of the avenue, to be paid for by special assessment. The compensation awarded amounted to $15,477, and an assessment roll was returned amounting in the aggregate to exactly that sum. The appellant, the Chicago Railways Company, owned property on the south side of the avenue, and upon application for confirmation of the assessment against its property objected that the property was not subject to an assessment for widening the street by reason of a contract with the city created by an ordinance passed February 11, 1907, and the acceptance of the ordinance by the appellant, and that the property was assessed more than it would be benefited and more than its proportionate share of the cost of the improvement. The court overruled the legal objections, and, having heard evidence on the question of benefits, reduced the assessment somewhat and entered judgment of confirmation, from which this appeal was taken.

The ordinance relied upon as exempting the appellant from the assessment extended for a term of twenty years the right of the appellant to operate street railways in the city, with its power houses, sub-stations, car houses, shops, yards and other property used in the operation of street railways. Section 15 provided that the company should at its own expense fill, grade, pave and keep in repair that portion of the street occupied by it, as more specifically provided in exhibit "B," which required the appellant to fill, grade, keep in repair, sweep, sprinkle and keep clean and free from snow, eight feet in width on streets where it had a single railway and sixteen feet in width where it had a double-track railway. The ordinance and its acceptance constituted a contract binding upon the parties to it, and the city could not impose any further obligation upon the appellant concerning the things specified in the ordinance. (*City of Chicago* v. *Sheldon*, 76 U. S. 50; *West Chicago Street Railroad Co.* v. *City of Chicago*, 178 Ill. 339; *City of Moline* v. *Tri-City Railway Co.* 262 id. 122; *City of Lincoln* v. *Chicago and Alton Railroad Co.* id. 11.) The contract in this case, however, only applied to surface improvements, and the cost of widening a street was not within its terms. (*Parmelee* v. *City of Chicago*, 60 Ill. 267; *Chicago City Railway Co.* v. *City of Chicago*, 90 id. 573; *Bickerdike* v. *City of Chicago*, 185 id. 280.) The court did not err in overruling the objection founded on the contract.

The appellant contended that its property was assessed more than its proportionate share of the cost of the improvement and showed that property on the other side of the street was assessed at a lower rate. The question whether the property of the appellant was assessed more than its proportionate share of the cost of the improvement was to be determined by the proportion the assessment on appellants' property bore to the assessment on all other property benefited by the improvement and not by comparison with other particular property, (*Clark* v. *City of Chicago*, 166

Ill. 84; *City of Chicago* v. *Hirschl,* 275 id. 60;) and the court did not err in overruling that objection.

The property of the appellant is used and improved for a car barn and terminal facilities connected with the street railway business. On the lots from 1 to 22, in block 1, there is a car barn which cost approximately $400,000, used for operating offices, storing cars and other things connected with and necessary as terminal facilities in the street railway business. Those lots were assessed at $3501. The appellant has twenty-one tracks running into the barn from Cicero avenue, and cars cannot run into the barn from North avenue, which was to be widened. There is no entrance from North avenue except for men to go in and out, and all materials and supplies are brought in on the cars from Cicero avenue. The superintendent of the shops and equipment, and the division superintendent, having jurisdiction over the terminal, and a witness engaged in the real estate business, testified that the property would not be benefited by widening North avenue. A witness engaged in the real estate business testified for the appellee that the property would be benefited $1307, and among the reasons given on which his opinion was based was that the company could turn the property to some other use that would be a benefit. The court overruled a motion to strike out the answer that the terminal would be benefited because it could be devoted to some other use. The charter of the appellant, which was in evidence, showed that the purpose for which the corporation was formed was to construct, own, purchase and otherwise acquire and operate street railways in the city of Chicago and elsewhere, and it could devote its property to no other use. The property had been improved at great expense for a terminal and the use was permanent. The appellant could not be required to change the use of the property, and the property could not be assessed on the theory suggested by the counsel for the appellee that the appellant might sell the property for a manufacturing plant and move

the terminal to some other place, which could be said of depot grounds, switch yards or other property used in the operation of a railroad. Another witness in the real estate business testified that the property would be benefited about $1500; that there was a general benefit which applied to all property in the neighborhood, and this property would be benefited by improved means of fire protection, because there would be more room and better facilities in getting at the property from North avenue in case of a fire.

Some years ago the appellant dedicated a strip seventeen feet wide off the lots on its side of the street for street purposes, and after the property was dedicated an allowance of $2200 was made, under section 17 of the Local Improvement act, as an offset against benefits assessed. (*Espert* v. *City of Chicago,* 201 Ill. 264.) On the assessment roll the benefit to the lots from 1 to 22 was set down as $3501 and the amount due the appellant was put down as an offset, and counsel for appellee say that its witnesses, in testifying, must have meant that the benefit was $1307 according to one witness and $1500 in the judgment of another, with $2200 added in each case. No such interpretation can be given to their testimony, and, inasmuch as each of them testified to a gross sum as the benefit that would accrue to the property from the improvement, to say that they meant that the benefit was $2200 more than the amount stated would be wholly unwarranted. Upon the only testimony before the court offered by the city, the amount to be allowed to the appellant on account of the previous deduction would extinguish the assessment.

The court erred in finding from the evidence that the property was benefited twice as much as the witnesses for appellee testified, and that was the judgment of the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*