(No. 14054.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellee, *vs.* THE CHICAGO CITY
RAILWAY COMPANY, Appellant.

*Opinion filed February 22, 1922.*

1. SPECIAL ASSESSMENTS—*when notice of confirmation hearing is sufficient.* The notice of the hearing for confirmation of assessments for a street improvement is sufficient where it contains an engineer's itemized estimate of the cost of the improvement, advises the method of collecting the cost, describes the improvement as consisting of an asphalt pavement with curb and gutter and the construction of certain sewers whose location is described, and sets forth the time and place of the hearing.

2. SAME—*evidence of fair cash value of street railway property before and after the improvement is not admissible.* In a proceeding for confirmation of an assessment for a street improvement, evidence that the property, which is devoted exclusively to street railway purposes as a sub-station for the distribution of electric power, will sell for a certain sum per foot more after the improvement than before is not admissible, as such property has no market value in the ordinary sense, and the evidence as to benefits should be confined to the limited use to which the evidence shows the property has been and is being put.

3. SAME—*opinion of a witness is not competent if based materially upon improper elements.* If a witness testifying as to benefits has based his opinion in a material degree upon elements which cannot legally be considered, without separating such elements from those which may legally be considered, such opinion is not competent.

4. SAME—*opinion of witness as to benefits must not be based upon hearsay.* On a hearing as to benefits in a special assessment proceeding, a witness must have actual and not hearsay knowledge of the questions affecting the value of the property concerning which he testifies.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

W. W. GURLEY, (CHARLES M. HAFT, of counsel,) for appellant.

·     SAMUEL A. ETTELSON, Corporation Counsel, and GEO. A. CURRAN, (GEORGE P. FOSTER, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The appellant objected to a special assessment sought to be levied by the city of Chicago against its property for the cost of the paving and other improvements of certain streets on which such property was situated. The property affected by the proposed assessment consists of three lots lying on Forty-fourth street between Troy street and Kedzie avenue. These lots, it appears from the evidence, were purchased by appellant for the purpose, afterward carried out, of erecting a certain building known as a sub-station, to be used in supplying electric power current by receiving current at a very high voltage and reducing it and when reduced sending it out over the trolley wires for the purpose of propelling the street railway cars. The building contains much heavy machinery and electrical appliances and requires constant attendance of a person qualified to care for and operate them. The premises are not open to the public by reason of the danger connected with the work carried on there.

The proposed assessment amounted to $1036.15. The court overruled the legal objections but reduced the assessment to $700 and confirmed it as reduced. Appellant contends that the judgment of confirmation was void because of the insufficiency of the notice of public hearing, in that it did not contain the substance of the resolution of the board of local improvements and the estimate of the engineer, and that the estimate did not disclose the nature, kind, location and cost of the improvement. It is also objected that the court erred in admitting evidence on behalf of appellee concerning the benefits to be derived from the improvement.

The first objection is not well taken. The nature, character, location and cost of the proposed improvement are set out in the resolution in detail. The notice contained an itemized engineer's estimate of the cost of the improvement and advised the method of collecting the cost, and that the street was proposed to be improved by constructing certain sewers, describing the location of them and the construction necessitated thereby; also that there was to be constructed a curb and gutter and pavement of asphalt. The time and place of the hearing were set out. The notice met the requirements of the statute. *City of Chicago* v. *Hulcatt, 276* Ill. 466; *City of Chicago* v. *Illinois Iron Co.* 293 id. 109.

Appellant's principal contention, however, is that the court erred in the admission of testimony concerning benefits, and it contends that appellee's expert witness was not competent to testify, as he did, as to the value of the improvement to the land affected, and that his testimony as to such value was not competent. The evidence shows, and it seems to be conceded, that the property affected is and will be used for electric railroad purposes. The rule in this State is, that where property has for years been devoted to one specific purpose, such as street railway purposes, and the evidence tends to show that it will continue to be so used for years to come, the only basis upon which a special assessment may be levied against it is that the property will be benefited by the proposed improvement when devoted to such specific purpose. This rule has been announced in numerous cases. *Chicago Union Traction Co.* v. *City of Chicago,* 202 Ill. 576; *Chicago Union Traction Co.* v. *City of Chicago,* 204 id. 363; *City of Chicago* v. *Chicago Railways Co.* 282 id. 383; *Village of Oak Park* v. *Chicago and West Towns Railway Co.* 285 id. 459; *City of Chicago* v. *Chicago Railways Co.* 290 id. 607; *Mauvaisterre Drainage District* v. *Wabash Railway Co.* 299 id. 299.

Appellee put on the stand as an expert F. A. Horrigan, who testified that the property would sell for at least $16

per foot more after the improvement than before. He based his testimony upon his experience in the sale of property in that neighborhood and gave no evidence of experience as an expert in judging the values of property devoted to a special use, where such property, as shown by the evidence, will continue to be so used. Appellant objected to this testimony but the court overruled the objection. The admission of the testimony was error. This court has frequently held that the present and not the probable future use of land is the test of the market value to be shown by the evidence, and that property used for railway purposes and devoted to such special use has no market value in the sense that term is ordinarily used. (*Illinois Central Railroad Co.* v. *City of Chicago*, 169 Ill. 329; *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 id. 11.) This property cannot be assessed on the theory that appellant may sell it for a manufacturing plant, or some purpose or use other than the one to which it is devoted, and move the sub-station to another place. This, of course, could be said of any railway property. The evidence as to benefits should have been limited to the property when devoted to the use to which the evidence shows it had been and was being put.

The expert witness for the city testified that the improvement would not change the building and would make no visible change in the three lots in question, and, in substance, testified that it would not affect their use, aside from making them more accessible, more sanitary and improve the appearance of the neighborhood. His evidence shows that he did not base his testimony upon the increased use or increased value of the property for the purpose to which it was being put, but he testified generally as a real estate expert as to the market value before and after the improvement. Such is not the test in a case of this kind. The rule is in this class of cases, that if a witness has based his opinion in a material degree upon elements which cannot

legally be considered, without separating such elements from those which may legally be considered, such opinion is not competent. (*City of Kankakee* v. *Illinois Central Railroad Co.* 264 Ill. 69.) A witness must have actual and not hearsay knowledge of the questions affecting the value of the property concerning which he testifies in order to make his evidence competent in cases of this character. (*City of Elmhurst* v. *Rohmeyer*, 297 Ill. 430.) While appellee's witness testified that the improvement would make appellant's property more accessible and more sanitary and that its general appearance would be improved, he stated that he based his opinion as to the amount of benefits to be derived on the difference between the fair cash market value before and after the improvement, and stated that the property would be benefited at least $1500. The witness testified:

Q. "Then, to be brief, your process is that the fair market value of these three lots to-day is $20 a front foot?

A. "Yes, sir.

Q. "And your conclusion is, then, that the fair cash market value of these lots the day after the improvement is completed will be $36 a front foot?

A. "Yes, sir; $900 a lot.

Q. "And that is the foundation stone of your entire testimony? Is that right?

A. "That is the foundation of those figures I gave; yes.

Q. "What is the difference in your process so far as the electric plant is concerned and your process with reference to all the other property affected by the improvement?

A. "There is no difference for this reason: that the benefits are all the same.

Q. "And your process in arriving at the benefits is the same?

A. "Yes, sir."

This testimony shows the witness did not consider the benefit to the property from the standpoint of the particular use to which it was being put. It was error on the

part of the trial court to admit this testimony. This witness was the only one offered by the city in rebuttal of the testimony of the objector as to benefits, and, with the stipulation that certain other witnesses would so testify if present, constitutes the only evidence of the city upon that question. The admission of this testimony was reversible error. For this error the judgment will be reversed and the cause remanded.          *Reversed and remanded.*