---

(No. 14977.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed October 20, 1923.*

1. SPECIAL ASSESSMENTS—*when abutting property of street railway company is not exempt.* A franchise ordinance requiring a street railway company to pave, re-pave and keep in repair the portion of the street occupied by its tracks does not exempt from special assessment for paving the remaining surface of the street, property owned by the company abutting on the street and used by the company in its business, provided the improvement enhances the market value of the property for the special purpose for which it is being used. (*City of Chicago* v. *Chicago Railways Co.* 282 Ill. 383, and 290 id. 607, distinguished.)

2. SAME—*when engineer's estimate is sufficiently definite.* The engineer's estimate for a paving improvement is sufficiently definite where a reading of the estimate and the resolution for the improvement will give the property owners definite information not only as to the cost of the improvement but as to its character.

3. SAME—*burden is upon objector to show that street is not a public highway.* One objecting to a special assessment for paving a street on the ground that the street is not a public highway has the burden of sustaining such objection by proof.

4. SAME—*rule as to assessing property devoted to special use.* In estimating benefits from a street improvement to property permanently devoted to a special use, the increase in market value of such property in case it should be sold and devoted to some other

use cannot be considered, the only question being whether the market value is increased for the special purpose to which the property is devoted.

5. SAME—*what does not render testimony of witness incompetent.* The fact that a witness testifying as to benefits to abutting street railway property from the paving of a street, which property is devoted to the special use of the company, has never had experience in buying or selling real estate devoted to such special purpose does not render his testimony incompetent though it may affect the weight to be given it.

APPEAL from the County Court of Cook county; the Hons. S. H. HOOVER and E. M. MANGAN, Judges, presiding.

W. W. GURLEY, and CHURCH, HAFT & ROBERTSON, (CHARLES M. HAFT, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, GEORGE A. CURRAN, and HARRY A. TIFFANY, (GEORGE P. FOSTER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The city council of the city of Chicago passed an ordinance for the paving of Seventy-ninth street from Vincennes avenue to Stony Island avenue, in said city. On a hearing in the county court appellant objected to the assessment levied against it, and that court reduced the assessment, overruled appellant's legal objections and confirmed the assessment as reduced. On hearing before a jury on the question of benefits the assessment was also sustained. Appellant brings the record here for review.

The tract of land of appellant affected by the improvement consists of about fifty acres between Seventy-ninth street and Seventy-seventh street north and south and Vincennes avenue and Federal street east and west. Appellant uses the greater portion of this land in conjunction with the street railway business, having thereon barns, repair shops and storage yards for sand, gravel, broken stone, etc.

309—29

Numerous tracks of appellant are laid over this property for its convenience in handling the material stored or used there. The entrances as now used are on Seventy-seventh street and on Vincennes avenue. The Wisconsin Granite Company has a plant located in the southeast corner of appellant's property, about 300 feet north of Seventy-ninth street. It operates there a stone crusher for the purpose of crushing waste rock of appellant and shipping it out for concrete building and street paving, the granite company selling this crushed rock to contractors. Access to the grounds of appellant by customers of the granite company is by Seventy-ninth street, near the corner of Federal street. The granite company also uses this entrance. Appellant operates a double-track street car line on Seventy-ninth street past its property in question.

The legal objections urged by appellant are: First, that by the terms of its franchise the property held by appellant abutting on the street which is proposed to be paved is exempt from special assessment; second, that the engineer's estimate is not sufficient; and third, that Seventy-ninth street as shown in the ordinance is not a public highway.

The frontage of appellant's property on the improvement in question is in the neighborhood of 1800 feet, and the proposed assessment thereon amounted to $36,832.80. The assessment as confirmed by the county court amounts to $27,232.77.

Section 15 of the franchise ordinance of February 11, 1907, by which appellant is operating its street car line, provides as follows: "The company shall at its own expense fill, grade and keep in repair that portion of the street occupied by it, as more specifically provided for in said Exhibit B." Exhibit B referred to in said section contains a paragraph headed "Maintenance of Streets" and another headed "Pavements." The former provides: "The company, as respects filling, grading, paving, keeping in repair, sweeping, sprinkling, keeping clean or otherwise improving

the streets or parts of streets occupied by its railway, shall fill, grade, pave, keep in repair, sweep, sprinkle and keep clean and free from snow eight (8) feet in width of all streets and public ways, or portions thereof, occupied by it with a single-track railway and sixteen (16) feet in width of all streets and public ways, or portions thereof, occupied by it with a double-track railway." Under the heading "Pavements" it is provided: "The company, upon the order of the commissioner of public works and approval of the board of supervising engineers, shall pave, re-pave or re-pair the portions of the streets and public ways which by this grant it is required to keep paved and in repair, when-ever and as often as the same shall reasonably require pav-ing, re-paving or repairing," etc. This paragraph also pro-vides the kind of pavement which appellant shall put down, the conditions on which it is required to re-pave, and in effect requires the paving of eight feet in width where the street is occupied by a single track and sixteen feet in width where the street is occupied by a double-track railway, and that the same be kept in repair.

It is admitted that under the ordinance appellant is obli-gated to pave sixteen feet in width along its tracks. The question is whether or not property abutting on the im-provement owned by appellant, most of which is used in its business, is liable for special assessments to the amount the property is benefited by the paving of the balance of the roadway, aside from the sixteen feet which appellant admits it must pave. Appellant contends that the franchise ordi-nance covers the whole subject of street improvement, and that by paving the sixteen feet occupied by its tracks all obligation to meet the expense of the improvement has been discharged, and counsel cite in support of this contention *City of Chicago* v. *Chicago Railways Co.* 282 Ill. 383, and 290 id. 607.

The direct question involved in this case was not de-cided in the cases cited. In the first mentioned case the

improvement was the widening of a street. The railway company objected that the franchise contract exempted it from any assessment for widening the street for the reason that such contract covered all matters of street improvement, and that by complying therewith it had done all that could be required of it in any class of street improvement. The court, however, held that the contract referred to applied only to surface improvements and that the matter of widening a street was not a surface improvement, and that the cost of such widening was not within the terms of the contract. That case does not decide, however, what construction should be given to the contract where the improvement comes within the class of surface improvements to which that case holds this franchise ordinance applies. Whether or not in a case coming within that class real estate owned by a street railway company abutting on a surface improvement of a street is exempt from assessment for such improvement was not there decided. Nor was that question decided in the second case cited. (290 Ill. 607.) The assessment involved in that case was for paving an alley on which the railway company owned abutting property. The railway company contended there, as here, that its property was not liable for such assessment because of the terms of the franchise ordinance. The court held that the franchise ordinance applied only to such streets as were occupied by the railway company with its tracks and did not apply to an alley on which no street car tracks were laid. The court did not construe the franchise contract as concerns the question of the liability of the company's property abutting on a street occupied by it with tracks, for the surface improvement of such street. There was no occasion to pass upon that question, and it was not passed upon in either of those cases.

Appellant places much reliance on *City of Chicago* v. *Sheldon,* 76 U. S. 50. On May 23, 1859, the city council of the city of Chicago passed an ordinance granting the

North Chicago City Railway Company a franchise for the operation of its street cars for a period of twenty-five years. On the 25th of July of that year the council passed an ordinance for the paving of North Clark street, which was occupied by the railway company with its tracks, and no part of the assessment was levied upon the company. A portion of the owners of lots abutting on the improvement appeared in the superior court and objected to judgment for the assessment against their property on the ground that the railway company was in possession of and had an interest in a part of the street and was benefited by the improvement by reason of a better pavement but was not assessed. The court sustained the objection and refused to enter judgment against the objectors, and the city appealed to this court. (*City of Chicago* v. *Baer,* 41 Ill. 306.) This court held that the ordinance was void for the reason that it did not assess property benefited, in accordance with the provisions of the constitution concerning uniformity, and that the legislature could not grant power to the city council to make a contract with the railway company which would release it from the payment of such assessment. An assessment of $28,677 was thereafter, in accordance with the decision of this court in the *Baer case,* levied and imposed upon the property of the railway company, and one Sheldon, a non-resident stockholder in the company, filed a bill in the Federal court to enjoin the collection of this tax, and that court enjoined it accordingly. The city appealed to the Supreme Court of the United States, the main question being whether under the terms of the ordinance the company could be made to pay for paving the street. When the *Baer case* was before this court a question was raised as to what the ordinance contained in regard to the question involved here. The opinion in that case recites that on the original draft of the ordinance, and over a portion of section 7, there was pasted a strip of paper on which were written what purported to be the provisions of that sec-

tion, but on the pasted paper being removed the court found that the original ordinance could be read if held against a strong light; that the writing underneath the paper which was pasted on, required the company to keep eight feet of every street occupied by it in case of a single track and sixteen feet in case of a double track, in good repair and condition, and "to pay in the same proportion for any improvement that shall be ordered by the city council." The writing on the pasted paper appears to have been so worded as to make the company liable only for ordinary repairs. It appears from the record in that case that much evidence was offered *pro* and *con* on the question whether or not the pasted paper was a forgery, interpolated without authority of the city council, and much discussion was devoted to that question in the briefs. The court, however, under the view taken as to the power of the legislature and the city council in the premises, found it unnecessary to decide that question. On re-appearance of the ordinance, however, in the United States Supreme Court in the *Sheldon case, supra,* that court evidently found that the provisions of the ordinance were: "Respecting grading, paving, macadamizing, filling or planking of the streets or parts of streets upon which they shall construct the said rails or any of them, keep eight feet in width along the line of said rails or on the street wherever one track is constructed and sixteen feet in width along the line of said railway where two tracks are constructed, in good repair and condition during all the time to which the privileges hereby granted to said company shall extend, in accordance with whatever order or regulation respecting the ordinary repairs thereof may be attempted by the common council of said city."

The court in the *Sheldon case* held that the franchise ordinance requiring only that the company keep in good condition and repair eight or sixteen feet, as it used a single or double track along the length of the road, "they were not to grade, pave, macadamize, fill or plank even the above

width or distance except so far as such work came within
the category of repairs." It is apparent from the discus-
sion of the facts by both this court in the *Baer case* and
the United States court in the *Sheldon case,* that the prop-
erty sought to be taxed was not abutting property owned
by the railway company but its property right in the street
which it occupied with tracks. The *Sheldon case* is author-
ity only for the construction of the franchise ordinance
therein referred to, which the court held embraced the
whole subject of improvement of the streets in the minds
of the parties at the time the stipulation was entered into,
and that it did not include any paving except as it came
within the category of repairs. No abutting property was
involved in the case, and the right of the railway company
to have abutting property owned and used by it exempt
from special assessment was not involved. The rule in all
cases where exemption from taxation is claimed is, that
unless the statute or franchise expresses a clear intent on
the part of the legislative body to exempt the property the
exemption must be denied. (*In re Walker,* 200 Ill. 566.)
So if the contention of appellant that the wording of the
franchise ordinance requiring the paving of eight or six-
teen feet covers the whole question of surface improvements
is to be sustained, it must clearly appear from the ordi-
nance itself.

That property owned by a railway company and being
used as is the property here, may be assessed for the pub-
lic improvement of streets has been recognized. While the
rule is that abutting property of a street railway company
cannot be assessed on the theory that it can be disposed of
and devoted to some other use, (*City of Chicago* v. *Chicago
Railways Co.* 282 Ill. 383,) it has been held that where
proper elements of benefits are considered such property
may be assessed for improvements to the extent it is being
benefited for the use then made of it. (*Village of Oak Park*
v. *Chicago and West Towns Railway Co.* 285 Ill. 459.)

Whether or not the property here involved is benefited by the improvement is a question of fact. The franchise contract of the railway company provides, in substance, that in consideration of the privileges granted under the franchise, the railway company will, where the balance of a street is being paved, pave to the width of eight or sixteen feet, according to whether it has one or two tracks thereon. This is to apply to all streets where tracks are laid. There is nothing in the language which contemplates that where the railway company owns a large tract of land abutting upon a street used for its tracks, which land will be benefited by the improvement of the street, that nevertheless such land shall be freed from the payment of such benefits, to the detriment of the balance of the abutting property or the public.

The benefits received by the railway company for paving eight or sixteen feet in accordance with the ordinance are the privileges given by the franchise, and these are given without regard to whether the railway company owns property abutting on any street upon which its tracks are or may be laid. If by the pavement of the street such property is benefited in the particular use to which it is being put, there appears to be no good reason why such property should not pay for such increase in value. Any benefit to the property by such improvement is one not bargained for by the railway company and for which it gives no consideration in exchange. It seems clear that the franchise ordinance did not cover a case of this character. It has been the rule in this State since the case of *Canal Trustees* v. *City of Chicago,* 12 Ill. 403, that an assessment of this character, to be lawful, must be in ratio to the advantage or benefits arising from the improvement. It is fundamental that property cannot be assessed for a local improvement in excess of the amount it is benefited. In cases of this character, where assessments are levied for the improvement of a street against the property bordering on the street, the same can be assessed only to the extent

that it is benefited, and if no benefit accrues no assessment will lie.

It was held in the early case of *City of Chicago* v. *Larned,* 34 Ill. 203, that the right of the legislature or any of the legislative bodies of the State to apportion taxes, whether of a general or local character, must exist, if at all, on the principle of equality and uniformity. To exempt appellant in this case from the payment for such benefits as may be shown to exist would violate these principles of uniformity. To so hold would be to place a construction on the language of the franchise ordinance not justified by it. This objection of appellant is not well founded.

It is next objected that the engineer's estimate of the improvement is too indefinite to be sustained, and that it is void because it was rendered before the resolution of the board of local improvements was passed. It is admitted that the resolution of the board is free from the complaint of indefiniteness. A reading of the resolution and the estimate will show that the property owners were by them given definite information not only as to the cost but the character of the improvement. This is all that is required under the Local Improvement act. *Village of Lovington* v. *Gregory,* 287 Ill. 169; *City of Chicago* v. *Huleatt,* 276 id. 466.

It is also objected that the record does not show that Seventy-ninth street is a public highway. The burden to show want of dedication as a public street in a case of this kind rests upon the objector. (*City of East St. Louis* v. *Davis,* 233 Ill. 553; *Watts* v. *Village of River Forest,* 227 id. 31.) Much evidence was taken on that question, including deeds which excepted this street from the conveyance, use and recognition thereof as a public highway, the grading and caring for the same by the road officers, and the fact that on request of appellant the city issued to it on September 2, 1910, a permit granting the right to lay its tracks on said street from State street to Vincennes

road, to be done in pursuance of the directions of the commissioner of public works and the franchise ordinance of 1907. Appellant did not sustain the burden cast upon it to show that Seventy-ninth street is not a public highway.

It is also contended that there was no competent evidence on the question of benefits; that the witnesses who testified for the city as to the increase in market value were not qualified to testify as to any increased use, as required in this class of cases, and that the trial court erred in permitting such witnesses to testify concerning the question of benefits. The argument is that no witness was qualified as being familiar with the street railway business and operation of the plant located on this property. The rule is that the increased value for which property is liable where it is being permanently used for a particular purpose, and where there is no market value of the property, is its value for the purpose to which it is being put as represented by its increased use. A witness who does not bear this in mind and does not testify as to that character of increased value is not competent. (*City of Chicago* v. *Chicago City Railway Co.* 302 Ill. 57.) Property in permanent use which has no market value cannot be assessed on the theory that it can be sold for some other purpose, and where it appears that a witness did not base his testimony on such increased use or value of the property for the purpose to which it is being put but testified generally as a real estate expert, his testimony is not competent. (*City of Chicago* v. *Chicago City Railway Co. supra.*) It does not necessarily render the testimony of a witness incompetent because he fails to show that he has had experience in buying or selling real estate for the particular purpose to which the property in question is being put. Such, of course, affects his credibility and the weight to be given to his testimony. In *Mauvaisterre Drainage District* v. *Wabash Railway Co.* 299 Ill. 299, and *City of Chicago* v. *Chicago City Railway Co. supra,* cited by appellant in support

of its contention that only witnesses familiar with the operation of street railways and those experienced in buying and selling property for street railway uses are competent to testify, it was held that the testimony offered was incompetent because the witnesses showed that they did not base their testimony upon the increased value for the uses and purposes to which the land was being put, but based it upon the market value of such land in relation to land of similar character put to general uses. Lack of such experience does not disqualify a witness but simply goes to the weight to be given his testimony. It is not the rule that on the question of value of property no witnesses can be examined but those engaged in buying and selling the species of property under investigation, but, on the contrary, a person knowing the property and its value for the uses and purposes to which it is being put, where such uses and purposes are permanent, may testify. The weight to be given his testimony is for the court or jury. (*Chicago, Peoria and St. Louis Railway Co.* v. *Nix,* 137 Ill. 141; *White* v. *Hermann,* 51 id. 243; *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 id. 413.) An examination of the testimony of the witnesses complained of, shows that while they did not have experience in buying and selling real estate for the uses to which the property in question is being put, they testified that in estimating special benefits to accrue to the land they took into consideration the special uses to which the land is devoted and those uses only; that the property had a substantial value for the uses to which it was put, and that such value would be increased, by reason of the improvement, when devoted to those uses. The court did not err in the admission of this testimony.

There is no reversible error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*